Decree reversed.

——✻——

(CONSTITUTIONAL LAW.)

COLSON <i>et al.</i> v. LEWIS.

The jurisdiction of the circuit courts of the United States extends to a case between citizens of Kentucky, claiming lands exceeding the value of five hundred dollars, under different grants, the one issued by the state of Kentucky, and the other by the state of Virginia, but upon warrants issued by Virginia, and locations founded thereon prior to the separation of Kentucky from Virginia. It is the grant which passes the *legal* title to the land ; and if the controversy is founded upon the conflicting grants of different states, the judicial power of the courts of the United States extends to the case, whatever may have been the *equitable* title of the parties prior to the grant.

THE opinion of the court in this cause was delivered by Mr. Justice WASHINGTON.

March 14th.

This suit in equity was removed into the circuit court of Kentucky, upon the petition of the defendant, filed in the state court; and, upon a motion made in the circuit court to dismiss the suit from

that jurisdiction, the judges of that court were opposed in opinion, and caused the following facts to be stated, to enable this court to decide the question. Those facts are, that the value of the land in controversy exceeds 500 dollars; that the complainants are citizens of Virginia; and that the grant, under which they claim title, is derived from the state of Kentucky, by virtue of warrants issued from the land-office of Virginia, and locations upon the warrants before the separation of Kentucky from Virginia: that the defendant's grant is from the state of Virginia, by virtue of a warrant issued from the land-office, and a location made thereon, before the separation of Kentucky.

The question referred to this court is, whether the circuit court for the district of Kentucky can take jurisdiction of the cause, because the grants for the land in controversy, lying in Kentucky, were issued, the one by the state of Virginia, and the other by the state of Kentucky, when both grants purport to be founded upon warrants and locations made under the authority of the laws of Virginia.

It is the opinion of this court, that the question which is referred to us, by the circuit court of Kentucky, is settled by the decision of this court, in the case of the town of Pawlet v. Clark and others, [9 Cranch, 292.]

The only difference between the two cases is, that in the case referred to, both parties claimed immediately under grants, the one from the state of Vermont, and the other from the state of New-Hampshire, before the separation, which grants were

the inception of title; and that, in this case, both parties claim under grants, the one issued by the state of Kentucky, and the other by the state of Virginia, but upon warrants issued by Virginia, and locations founded thereon, prior to the separation of Kentucky from Virginia. But where the controversy arises upon claims founded upon *grants* from different states, as the present case is understood to be, the principle decided in the case which has been cited precisely governs this. The decision in that case is founded on the words of the constitution of the United States, which extends the judicial power of the United States to controversies between citizens of the same state, claiming lands under *grants* of different states. It is the grant which passes the legal title to the land, and if the controversy is founded upon the conflicting grants of different states, the judicial power of the courts of the United States extends to the case whatever may have been the equitable title of the parties prior to the grant.

Certificate accordingly.