The opinion of the Court was delivered by.
Richardson, J.
This case requires us to consider — whether the payee *266 of a promissory note can commence an action at law, against the maker of the note, on the third day of grace ?
The question involves no important right or rule of property, but one of practice in regard to the time of suing out writs upon this species of contracts. The point is unsettled ; and some rule upon the subject is called for, to be deduced from principles of law, and the analogy of adjudged cases.
At common law, the rule sanctioned by a practice of indefinite antiquity, is, that the debtor had no more than the day upon which he had contracted to pay, to fulfil his engagement. In default of payment on that day, he became liable to be sued upon the next day. See 1 Rol. Rep. 184. Cabell v. Vaughan, 1 Saund. 288. Leftly v. Mills, 4 Term Rep. 173. 2 Blackstone, 142. To this rule there is an exception, in favor of the makers, endorsers and acceptors of promissory notes an<^ bills of exchange, by reason of invariable *commercial usage. This usage, now perfectly incorporated with, and to be regarded as a part of, the common law, allows to this particular class of debtors, three days, called days of grace; during which time, the debtor, upon note or bill, may discharge it without dishonor; the short delay not being considered a breach of contract. Thus, though the common law gave the entire day, only, of payment, yet, softened by commercial usage, it now evidently permits the days of grace. And we come to inquire, whether the true construction of the days of grace allows to the debtor the whole of the last day of grace, (as it certainly does the first and second,) before he can be sued. Here we must look to certain established practices, introduced by the usage, and the analogy of cases adjudged under that usage. Still we are not to lose sight of the common law, which, while it tolerates modifications and changes in itself, in favor of long usage, yet requires its principles to be borne in mind in order to correct or explain, to enlarge or limit, such changes and modifications. Upon this consideration of the pervading principles of the common law, I have but to observe, that unless the days of grace clearly allow to the debtor the whole of the third day of grace, it will follow, that he may be sued on that day. Because the principle I have noticed, gives him but so much time as the usage absolutely requires ; and if the usage be questionable in any one of its allowances, the common law rule is instantly reinstated and must prevail.
W e return then to the practices under the usage. It gives two first days of grace generally without molestation. On the third, it requires that the demand of payment should be made. Chitty, 203-4. Jackson v. Richards, 2 Caines' Rep. 343. Lenox v. Roberts, 2 Wheat. Rep. 377. Johnson v. Haight, et al., 13 Johns. Rep. 471. On the third day after demand and refusal, notice of the dishonor may be given to endorsers. Corp v. M’Comb, 1 John. Ca. 329. 2 Wheat. 373. Widgery v. Munro, et al, 6 Mass. R. 449. I deem the authorities upon these points unquestionable, at this day. *Now, do not these practices show, that on the third day, the usage itself supposes the maker of a note as a defaulting debtor ? Why the protest ? Why the notice to those concerned, unless the dishonor be complete ? There is, at least, reason thus to conclude, and that is enough. To me appears, that the instant after *267 protest, (and Chitty says, 224, it should be made, if possible, in time to be sent by post on the third day of grace,) and notice sent out for the endorser, the usage has done its office. It has proclaimed the dishonor of the party, and induced an actual expense by protest. Yet, it allows the debtor still to pay, and save his honor, if he will do so, on the third day. But the precise time of exercising this restoring privilege is somewhat uncertain. The banks require it to be done by two o’clock, P. M., and they are respectable authorities. Presentment, says Chitty, 218, must be at seasonable hours. 13 Johns. Rep. 471. If the third day fall on Sunday, or a great Holiday, protest must be made on the second day. 1 Lord Ray. 743. Bayley, 34. Admit that the debtor has the third day entire to pay, notwithstanding demand and refusal, protest, and notice sent off, have all preceded the moment of actual payment; still dishonor has attached, removable, it is true, by an after act: but if not removed by payment on the third day, when does it take date ? I look at the protest and notice, and find them dated on the third day of grace. Under these established proceedings, required, or allowed by virtue of the usage itself, it appears that the debtor may or may not be indulged on the third day; the note being actually dishonored nisi, there is room for the usual legal coercion by writ. Possibly the holder may issue it at the hazard of paying the costs, should the note or bill be paid on the third day, though after writ issued. Upon this I give no opinion. The costs of protest are, I believe, paid by the maker, even though he discharge the note, on the third day after protest.
Let us now see if we can obtain aid from the ^analogy of adjuged cases, the expression of judges, or the opinions of respectable writers. Chitty, 224, says “the general rule is, that the party bound has to the last moment of the day to pay it in ; but it is otherwise with respect to foreign bills, for as the protest for non-payment should be made on the last day of grace, so as to be sent, if possible, by the post, on that day, it follows, that the holder may insist on payment on demand, or, at least, before the hours of business are expired,” and he quotes 2 D. and East, 61, and Smith’s Reports, A. D. 1801, p. 358. This is explicit, and the American editor subjoins in a note, the decision, or possibly the dictum of Chief Justice Parsons, that the maker may be sued on the third day of grace, after demand and refusal. In 3 Campbell, 193, Lord Kenyon says, the dishonor is on the third day after demand. Mr. Justice Ashurst says, in Colkett v. Freeman, 2 Term Rep. 61, “It is true, that if the payer of a bill discharge it before five o’clock on the day it becomes due, that will be a sufficient payment in law to prevent protest.” (Why five o’clock ?) It is presumed this is the custom of London. And Buller in the same case says, “ that where the question was, what laches of the holder would discharge the endorser, there the former might wait the whole of the day on which the bill became due.” In 4 Term Rep. 170, the Court differed upon the question whether a bill should be protested on the day it became due, or the acceptor had the whole of that day to discharge it. It would seem to follow, that it being now settled that as protest, in such case, must be on the third day, that the acceptor has not the whole of the third day to discharge it. From the analogy then of these cases, which, it is admitted, do not absolutely decide the point, the expressions of judges and the doctrines found in the most authoritative *268 writers, it appears to me, that the maker of a note may be sued wpon the third day of grace, and the motion is therefore dismissed.
Lance, for the motion. Grimlce, contra.
Ooloock and Gantt, JJ., concurred.
*Cheves and Johnson, JJ., dissented.