## STEVENSON *v.* FAIN.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 8.   Argued October 18, 19, 1904.—Decided November 7, 1904.

The Circuit Courts do not possess original jurisdiction over controversies between citizens of different States claiming lands under grants of different States by reason of the subject matter, and the decree of a Circuit Court of Appeals in such a case is final and an appeal to this court does not lie.

THIS was a bill filed by Stevenson and others, citizens and residents of New York and Rhode Island, against Fain and others, citizens and residents of North Carolina and Georgia, in the Circuit Court of the United States for the Eastern District of Tennessee, to remove a cloud upon the title to a

body of wild lands lying adjacent to the boundary between Tennessee and North Carolina.

Complainants claimed title under grants from the State of Tennessee, and alleged that the lands lay wholly in Monroe County, Tennessee. Defendants alleged that the lands lay wholly within the county of Cherokee, in the State of North Carolina, and that they were lawfully granted to their ancestor by that State.

The issue involved the true boundary line between North Carolina and Tennessee. The Circuit Court held that the lands lay in the State of North Carolina, and that the title was in defendants, and dismissed the bill.

Thereupon an appeal was taken to the Circuit Court of Appeals for the Sixth Circuit and, on hearing, the decree of the Circuit Court was affirmed. 116 Fed. Rep. 147.

From the decree of the Circuit Court of Appeals this appeal was prosecuted.

*Mr. T. S. Webb*, with whom *Mr. Charles Seymour, Mr. Hu. L. McClung* and *Mr. L. M. G. Baker* were on the brief, for appellants.

Submitted by *Mr. Samuel G. Shields* and *Mr. John W. Green* for appellees.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

If the jurisdiction of the Circuit Court was dependent entirely on diversity of citizenship, the decree of the Circuit Court of Appeals was final, and this appeal cannot be maintained. The contention of appellants is that it was not so dependent because jurisdiction also existed in that the parties claimed under grants from different States, to which it is replied that under the Constitution and laws the Circuit Courts are not vested with jurisdiction on that ground except when the parties are citizens of the same State.

By section 1 of article III of the Constitution it is provided

that: "The judicial power of the United States shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish." And by section 2 that: "The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority; to all cases affecting ambassadors, other public ministers and consuls; to all cases of admiralty and maritime jurisdiction; to controversies to which the United States shall be a party; to controversies between two or more States; between a State and citizens of another State; between citizens of different States, between citizens of the same State claiming lands under grants of different States, and between a State, or the citizens thereof, and foreign States, citizens or subjects. In all cases affecting ambassadors, other public ministers and consuls, and those in which a State shall be party, the Supreme Court shall have original jurisdiction. In all the other cases before mentioned, the Supreme Court shall have appellate jurisdiction, both as to law and fact, with such exceptions, and under such regulations as the Congress shall make."

The Supreme Court alone "possesses jurisdiction derived immediately from the Constitution, and of which the legislative power cannot deprive it," *United States* v. *Hudson,* 7 Cranch, 32, but the jurisdiction of the Circuit Courts depends upon some act of Congress. *Turner* v. *Bank,* 4 Dall. 8, 10; *McIntire* v. *Wood,* 7 Cranch, 504, 506.

The use of the word "controversies" as in contradistinction to the word "cases," and the omission of the word "all" in respect of controversies, left it to Congress to define the controversies over which the courts it was empowered to ordain and establish might exercise jurisdiction, and the manner in which it was to be done.

By the eleventh section of the Judiciary Act of September 24, 1789, it was provided that the Circuit Courts of the United States should "have original cognizance, concurrent with the

courts of the several States, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and the United States are plaintiffs or petitioners; or an alien is a party, or the suit is between a citizen of a State where the suit is brought and a citizen of another State."

In *Bank* v. *Deveaux*, 5 Cranch, 61, 85, Mr. Chief Justice Marshall said:

"The judicial power of the United States, as defined in the Constitution, is dependent, 1st, On the nature of the case; and 2d, On the character of the parties. By the judicial act, the jurisdiction of the Circuit Court is extended to cases where the constitutional right to plead and be impleaded, in the courts of the Union, depends on the character of the parties; but where that right depends on the nature of the case, the Circuit Courts derive no jurisdiction from that act, except in the single case of a controversy between citizens of the same State, claiming lands under grants from different States."

And that jurisdiction was conferred by the twelfth section of the act, which provided that "if in any action commenced in a State court, the title of land is concerned, and the parties are citizens of the same State," either party might remove the cause to the Circuit Court on the fact being made to appear that the parties claimed under grants of different States. This section was carried forward as section 647 of the Revised Statutes and reappears in substance in section 3 of the act of March 3, 1875. 18 Stat. 470, c. 137.

By the first section of the latter act original jurisdiction was given to the Circuit Courts of cases, among others, "arising under the Constitution or laws of the United States, or treaties," or in which there was "a controversy between citizens of the same State claiming lands under grants of different States."

The acts of March 3, 1887, 24 Stat. 552, c. 373, and of August 13, 1888, 25 Stat. 433, c. 866, are to the same purport.

Two cases arising under the Judiciary Act of 1789 are cited,

*Town of Pawlet* v. *Clark et al.*, 9 Cranch, 292, decided March 10, 1815, and *Colson et al.* v. *Lewis*, 2 Wheat. 377, decided March 14, 1817.

In *Pawlet* v. *Clark*, it appeared that the parties were citizens of Vermont and that the cases were pending in the Circuit Court of the District of Vermont, but the reporter's statement does not show that the case was commenced in the state court. The record on file in this court, however, discloses that such was the fact, and that the cause was removed into the Circuit Court under the twelfth section.

*Colson et al.* v. *Lewis* is not well reported. It was a bill in equity in which Lewis and others were complainants and Rawleigh Colson was the sole defendant. It came here on certificate, and the title was Lewis and others against Colson, and not as given in the report. The case stated shows that the case was removed from the state court into the Circuit Court of Kentucky, and that the complainants were citizens of Virginia, but the citizenship of defendant was not disclosed. The headnote asserts that the parties were citizens of Kentucky. But the certificate of the clerk, as appears from our files, sets forth "that it is stated in the bill that the defendant Rawleigh Colson is a citizen of the State of Virginia."

In both cases the parties were citizens of the same State and the cases were originally commenced in the state courts, and the Circuit Courts acquired jurisdiction by removal. The Judiciary Act of 1789 vested the Circuit Courts with original jurisdiction on the ground of diversity of citizenship, but not where title was claimed under grants of different States. Congress manifestly accepted the letter of the Constitution and as the judicial power extended to controversies where citizens of the same State claimed title under grants of different States, assumed that cases presenting such controversies would be commenced in the state courts, and provided that those cases might be removed when that fact was made to appear. The particular constitutional provision was treated as not open to a construction which would make it embrace

citizens of different. States.   Naturally enough, as the reason
for the extension of the Federal judicial power to controversies
between citizens of different States, and to controversies be-
tween citizens of the same State claiming lands under grants
of different States, was in substance the same.   2 Story Const.
§ 1696.

And when the act of 1875 enlarged the original jurisdiction,
no view to the contrary was indicated.

*Ayres* v. *Polsdorfer*, 187 U. S. 585, was an action of eject-
ment brought in the Circuit Court by citizens of one State
against those of another, and the case, having gone to judg-
ment, was carried to the Circuit Court of Appeals, and the
judgment affirmed.   A writ of error from this court was then
sought to be sustained because, as was contended, the evi-
dence disclosed, though the pleadings did not, that the parties
claimed under grants of different States.   But we held that if
the emergence of such a question might have justified taking
the case directly to this court, having gone to the Court of
Appeals, it could not after judgment then be brought here.

As Congress has not conferred jurisdiction on the Circuit
Courts over controversies between citizens of different States
because, apart from diversity of citizenship, they may have
claimed title by grants from different States, even if it had
power to do so, which is not conceded, the result is that the
appeal must be

*Dismissed.*