El Pueblo, Demandante y Apelado, v. Torres, Acusado
y Apelante.

Apelación procedente de la Corte de Distrito de Aguadilla
en causa por infracción al artículo 2 del Acta Jones.

No. 1492.—Resuelto en julio 30, 1920.

Venta de Bebidas Embriagantes—Artículo 2 del Bill Jones—Jurisdicción.—
El delito definido y penado por el artículo 2 de la vigente Ley Orgánica, con-
sistente en importar, fabricar, vender o ceder, o exponer para la venta o re-
galo, en Puerto Rico, cualquiera debida o droga embriagante, excepto para
fines medicinales, sacramentales, industriales o científicos, es un delito contra
los Estados Unidos y no contra El Pueblo de Puerto Rico, por lo cual, la ju-
risdicción para conocer del mismo radica en la Corte de Distrito de los Esta-
dos Unidos para Puerto Rico y no en las cortes insulares.

Id.—Leyes del Congreso de Estados Unidos—Jurisdicción.—Cuando una Ley
del Congreso define un delito la corte o cortes que tengan jurisdicción sobre
dicho delito deberán también estar definidas por una ley general o especial, o
por deducción necesaria.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. E. Martínez Avilés.

Abogado del apelado: Sr. J. E. Figueras, Fiscal.

El Juez Asociado Sr. Wolf, emitió la opinión del tri-
bunal.

Esta fué una denuncia iniciada en la Corte Municipal de
Lares en la cual se imputaba a Nazario Torres la comisión
del delito de infracción al artículo 2 de la Ley del Congreso
aprobada en marzo 2, 1917, conocida comúnmente por Ley
Jones por haber vendido media botella de ron en la cantidad
de sesenta centavos. La corte municipal lo declaró culpable
y apeló a la Corte de Distrito de Aguadilla cuya corte tam-
bién lo declaró culpable y condenó a sufrir la pena de cinco
días de cárcel en la municipal de Lares. Interpuesta apela-
ción para ante este tribunal, la vista del recurso tuvo lugar
primeramente el día 1°. de marzo de 1920, señalándose luego
una nueva vista, a fin de oírse a las partes acerca de la ju-
risdicción de las cortes insulares para conocer de la infracción
del artículo 2 del Acta Jones.

El artículo 2 del Acta Jones prescribe lo siguiente:

"Un año después de la aprobación de esta ley y en lo sucesivo

será ilegal importar, fabricar, vender, o ceder, o exponer para la venta o regalo cualquiera bebida o droga embriagante; *Disponién-dose*, que la Asamblea Legislativa podrá autorizar y reglamentar la importación, fabricación y venta de dichos licores y drogas para usos medicinales, sacramentales, industriales y científicos únicamente. La penalidad por infracciones de esta disposición con referencia a· las bebidas o. drogas embriagantes será una multa no menor de veinticinco dólares por la primera vez, y por la segunda y subsiguientes, una multa no menor de cincuenta dólares y prisión por un término mínimo de un mes y máximo de un año; *Y disponiéndose, además*, que en cualquiera elección general que se celebre dentro de cinco años después de la aprobación de esta ley, esta disposición podrá, a petición de no menos del diez por ciento de los electores capacitados de Puerto Rico, ser sometida a votación de los electores capacitados de Puerto Rico y si una mayoría de todos los electores capacitados de Puerto Rico que voten sobre esa cuestión, votaren por la derogación de esta disposición, quedará ésta desde entonces sin fuerza y vigor; de otro modo, quedará con toda su fuerza y efecto.''

Este es un delito establecido por una ley del Congreso y necesariamente *prima facie* un delito contra los Estados Unidos. El artículo 256 del Código Judicial de los Estados Unidos compilado en el año 1912, prescribe lo siguiente:

''La jurisdicción investida en las cortes de los Estados Unidos en los casos y procedimientos que en adelante se mencionarán, será exclusiva de las cortes de los varios estados;

''1°. De todos los delitos y ofensas de que pueda conocerse bajo la autoridad de los Estados Unidos;

''2°. Etc.''

El artículo 41 de la Ley Jones prescribe lo siguiente:

''Puerto Rico constituirá un distrito judicial que se denominará 'El Distrito de Puerto Rico.' El Presidente con el concurso y consentimiento del Senado, nombrará un juez de distrito, quien servirá su cargo por el término de cuatro años y hasta que su sucesor sea nombrado y tome posesión, y cuyo sueldo será de $5,000 anuales. Del mismo modo se nombrarán un fiscal de distrito, cuyo sueldo será de $4,000 por año, y un marshal para dicho distrito con un sueldo de $3,500 anuales, cada uno por el término de cuatro años,

a menos que fueren destituídos por el Presidente.   La corte de distrito para dicho distrito se denominará 'La Corte de Distrito de los Estados Unidos para Puerto Rico,' y tendrá facultad para nombrar todos los funcionarios y auxiliares necesarios, incluyendo el secretario, intérprete y los comisionados que fueren necesarios, quienes tendrán derecho a los mismos honorarios y tendrán iguales atribuciones y deberes que los comisionados de los Estados Unidos.   Dicha Corte de Distrito tendrá jurisdicción en todos los casos que sean de la competencia de las Cortes de Distrito de los Estados Unidos, y seguirá la misma tramitación.   Etc.''

De ello parece deducirse necesariamente que la Corte de Distrito de los Estados Unidos establecida en Puerto Rico tiene jurisdicción exclusiva del delito previsto en el artículo 2 de la Ley Jones, a menos que se demuestre de otro modo una intención clara en sentido contrario en dicha ley.   Sin embargo, un pequeño examen de la jurisprudencia de los Estados Unidos puede servirnos de alguna ayuda.

El caso de *United States* v. *Hudson*, 7 Cranch 31, es probablemente el principal sobre la cuestión.   En él se dijo lo siguiente: ''De todas las cortes que los Estados Unidos pueden constituir de acuerdo con sus poderes generales, una solamente, la Corte Suprema, posee jurisdicción derivada directamente de la Constitución y de la cual la Legislatura no puede privarla.   Todas las demás cortes creadas por el Gobierno General no tienen más jurisdicción que la que ha sido conferida a ellas por el poder que las crea, y no pueden estar investidas de ninguna jurisdicción sino de aquella que pueda conferirles el Gobierno General de conformidad con el poder que a él ha sido cedido,'' y del caso de *Turner* v. *Bank of North America*, 4 Dallas 6 y 10, también aparece que la jurisdicción de las cortes debe ser definida.   Casos subsiguientes sostienen directamente o en efecto, que la jurisdicción de cualquier corte debe ser definida, como debe serlo el delito por el poder que establece el delito o la corte. *Stevenson* v. *Fain,* 195 U. S. 170; *Ex parte Wisner,* 203 U. S. 455.

En el caso de *United States* v. *Wilson*, 3d. Blatch, 438 Federal Cases, 16731, la corte se expresó en los siguientes términos:

"Pero es una doctrina fundamental relativa a las Cortes Federales de jurisdicción inferior que no pueden ellas conocer de delitos de ningún grado sin el señalamiento expreso o mandato positivo de la ley que las autoriza a ejercer la función que les confiera la Constitución sobre delitos graves y menos graves. Debe haber una designación por ley positiva tanto del delito, como del tribunal que conocerá del mismo. *United States* v. *Hudson, supra; Ex parte Bollman*, 4 Cranch 75; *United States* v. *Coolidge*, 1st. Wheat, 415; 14 Bishop's Criminal Law 76–80.

En el caso de Sewing Machines Companies, 18 Wall. 577, al hablarse de la facultad judicial la corte dijo lo siguiente:

"Pero la organización del sistema y su distribución entre tales cortes inferiores, que el Congreso ordene y establezca de tiempo en tiempo dentro de la esfera del poder judicial siempre ha sido y de derecho debe ser obra del Congreso."

En el caso de *Cary* v. *Curtis*, 3 How. 244, la corte se expresó como sigue:

"La facultad judicial aun cuando se origine en la Constitución depende para su distribución y organización y modo de ejercitarse enteramente de la acción del Congreso que posee la sola facultad de establecer tribunales, etc.,   *   *   *   y al investirlos de jurisdicción ya limitada, concurrente o exclusiva y no darles jurisdicción a dichas cortes en el grado preciso y forma en que el Congreso crea conveniente para el bien público."

Este caso se cita con aprobación en el de *Sheldom* v. *Sill*, 8 How. 449, y en el de *Kentucky* v. *Powers*, 201 U. S. 24 y además se dice en el tomo 15 de Corpus Juris, página 732, nota 69, lo siguiente:

"La jurisdicción y poderes de las cortes no pueden ser ampliados implícitamente a fin de que comprendan materias que no están expresadas en la ley de la cual se deriva la jurisdicción."

Al tratar de refutar este razonamiento el fiscal de este

tribunal cita los casos de *United States* v. *Pridgeon*, 153 U.
S. 48; *Boyd* v. *Great Western Coal & Coke Company*, 189
Federal 115, and *Ex parte Krause*, 228 Federal 547. En el
caso de *United States* v. *Pridgeon, supra,* se resolvió mera-
mente que la intención del Congreso se manifestó en el sen-
tido de hacer que el Código Penal de Nebraska fuera el
Código Penal de Oklahoma. Asimismo en el caso de Boyd
la corte resolvió que la ley del Congreso hacía extensiva
al Territorio Indio ciertas leyes de Arkansas relativas a cor-
poraciones y la corte resolvió que las corporaciones orga-
nizadas de acuerdo con las mismas no eran corporaciones
federales porque en realidad de verdad estaban organizadas
bajo las leyes hechas para el Territorio, y en el caso de *Ex
parte Krause* también se manifestó claramente la intención
del Congreso de hacer que un Código Territorial anterior
fuera el Código Penal de Alaska.

Si no estamos equivocados no existe ni en Alaska ni en
el Territorio Indio una Legislatura independiente como en
Puerto Rico, ni había allí tal Legislatura independiente en
Oklahoma antes de ser incorporado como Estado. No hay dis-
cusión alguna en ninguno de estos casos respecto a qué corte
tenía jurisdicción. Aún en el caso de Alaska había sola-
mente una corte con jurisdicción como aparece de las citas
que el fiscal hace de la opinión. No vemos nada en la Ley
Jones que indique la intención del Congreso de establecer
el delito especificado en el artículo 2 de dicha ley como delito
contra El Pueblo de Puerto Rico, a diferencia de un delito
contra los Estados Unidos. Tampoco encontramos nada en
la ley que indique que el Congreso actuaba como una Legis-
latura local al definir el delito así mencionado en la ley. Y
de todos modos la corte que debía tener jurisdicción no fué
mencionada. Por el contrario el artículo 40 del Acta Jones
prescribe lo siguiente:

"El poder judicial residirá en las cortes y tribunales de Puerto
Rico ya establecidos y en ejercicio de acuerdo y por virtud de las

leyes vigentes. La jurisdicción de dichos tribunales y los trámites seguidos en ellos así como los distintos funcionarios y empleados de los mismos continuarán como al presente hasta que otra cosa no disponga por Ley; *Disponiéndose, sin embargo,* que el Presidente y los Jueces Asociados del Tribunal Supremo serán nombrados por el Presidente con el concurso y consentimiento del Senado de los Estados Unidos y la Asamblea Legislativa de Puerto Rico tendrá autoridad que no esté en contradicción con esta Ley para de tiempo en tiempo, según lo crea conveniente para organizar, modificar, o hacer un nuevo arreglo de los tribunales y su jurisdicción y procedimientos con excepción de la Corte de Distrito de los Estados Unidos para Puerto Rico.''

No solamente ha continuado la jurisdicción de las cortes como estaba antes de la ley, sino que la jurisdicción de la Corte de Distrito de los Estados Unidos se exceptúa expresamente de la autoridad de la Legislatura. En el artículo 37 de la Ley Jones y en otros artículos de la misma se revela la intención del Congreso de hacer que la Legislatura de Puerto Rico constituya un poder legislativo completo para Puerto Rico, excluyendo así también la idea de que el Congreso actuaba como Legislatura local.

La Corte de Distrito de los Estados Unidos para Puerto Rico está organizada y establecida por la misma Ley Orgánica y no se revela intención alguna por parte del Congreso de privarla de cualquier jurisdicción que tengan las cortes de distrito de los Estados Unidos. Debe tener la jurisdicción exclusiva prescrita en el artículo 256 del Código Judicial hasta tanto se revele claramente una intención en sentido contrario. Debe presumirse que el Congreso deseaba establecer un nuevo delito y ponerlo en manos de los funcionarios cuyas facultades en general son las mismas a las de los Estados Unidos.

El artículo 55 del Acta Jones, asimismo expresa qué continuará la jurisdicción de todas las cortes tal como se prescribía con anterioridad a dicha ley, a no ser que de otro modo se provea específicamente.

También en el artículo 48 cuando el Congreso ha que-

rido dar a diferentes cortes jurisdicción concurrente, lo ha hecho en claro lenguaje y de acuerdo con el referido artículo la Corte Suprema y cortes de distrito de Puerto Rico y los respectivos jueces de las mismas pueden conceder autos de *habeas corpus* en todos los casos en que dichos autos puedan concederse por los jueces de las cortes de distrito de los Estados Unidos.

Si el Congreso hubiera estado actuando como Legislatura local, entonces por supuesto, el delito definido en el artículo 2 del Acta Jones sería enteramente una cuestión local como se resolvió en el caso de Krause de Alaska, *supra,* y las cortes insulares tendrían entonces jurisdicción independientemente de la de la Corte de Distrito de los Estados Unidos. Creemos que sería absurdo suponer que el Congreso conferiría a las cortes insulares jurisdicción exclusiva en esta forma.

El fiscal también alega que cuando el Congreso dispuso sobre un *referendum* en el artículo 2, dió a El Pueblo de Puerto Rico la facultad de hacer dicho artículo 2 una ley local y por tanto dicho artículo debe ser considerado como vigente en Puerto Rico como ley local. En primer lugar el artículo 2 había de regir definitivamente un año después de su aprobación a menos que El Pueblo de Puerto Rico por medio de un *referendum* demostrara su inconformidad en aceptar esta ley penal sustantiva. Ahora el hecho de que El Pueblo por virtud de tal *referendum* se negara a derogar la ley, no convierte el delito sustantivo establecido en un delito contra El Pueblo de Puerto Rico. Según hemos demostrado las facultades legislativas de este país están limitadas a la Legislatura hasta que el Congreso disponga otra cosa. En segundo lugar, como muestran las autoridades, el delito no solamente debe ser definido, sino también la corte que tiene jurisdicción.

Este fué un proceso iniciado en la corte municipal. Si alguna corte local que no fué mencionada tenía jurisdicción

parece que serían las cortes de distrito de Puerto Rico que son cortes de jurisdicción general. Las cortes municipales necesariamente no tienen más jurisdicción que la definida específicamente por la Legislatura de Puerto Rico. Sin embargo, nuestra decisión no se funda en una distinción entre las cortes locales sino enteramente en la razón de que ninguna corte en Puerto Rico excepto la Corte de Distrito de los Estados Unidos tiene jurisdicción.

La sentencia debe ser revocada y absuelto el acusado.

> *Revocada la sentencia apelada y sobreseída la causa.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.