## STANDARD NUT MARGARINE CO. v. ROSE.

### No. 575.

District Court, N. D. Georgia.

June 2, 1930.

George N. Murdock, of Chicago, Ill., and James C. Davis, of Atlanta, Ga., for plaintiff.

Clint W. Hager, U. S. Atty., and C. P. Goree, Asst. U. S. Atty., both of Atlanta, Ga., and Hanson F. McCowen, Atty. Gen., for defendant.

SIBLEY, District Judge.

Evidence and argument has been had on a motion for preliminary injunction to prohibit the collector of internal revenue for Georgia from "collecting or attempting to collect from the plaintiff, or any dealer selling plaintiff's product, Southern Nut Product, any pretended tax assessed under the Oleomargarine Act of August 2nd, 1886, as amended." The case made is that plaintiff manufactures Southern Nut Product in Jacksonville, Fla., and has an established business in Georgia, with numerous jobbers and retailers who sell it and who are about to be taxed as such sellers on the ground that Southern Nut Product is oleomargarine under the definitions of section 2 of said act (26 USCA § 541), and that dealers, for fear of the tax, are refusing to handle plaintiff's goods and its business is about to be destroyed. The contention is that taxed oleomargarine is based only on animal fats, and plaintiff's product contains only vegetable oils, and that several courts have so decided. The respondent's case is that the definition in section 2 of the act, properly construed, includes imitations of butter made from vegetable oils, and that the Commissioner of Internal Revenue, under section 14 of the act (26 USCA § 582), has held this product to be taxable, and that it is in fact made and sold as a butter substitute. He denies that any court has finally adjudged plaintiff's product to be not taxable. The controlling contentions are that Rev. St. § 3224, now title 26, U. S. Code, § 154 (26 USCA § 154), prohibits the granting of injunction; that there is an adequate remedy at law by paying the tax and suing for its recovery; and that plaintiff has no interest in the proposed tax against the dealers.

Considering the last contention first, while it is true that the plaintiff is not itself a dealer in Georgia so as to be taxed there, and while only the property of the dealer, or his interest in it, can be distrained upon or can be forfeited under section 18 of the act (26 USCA § 556), so that plaintiff's physical property cannot be affected, yet its interest in an established business is a property right the unlawful destruction of which a court of equity might properly prohibit. The plaintiff, though not the person directly proceeded against, may complain. Hewin v. Atlanta, 121 Ga. 723, 736, 49 S. E. 765, 67 L.

R. A. 795, 2 Ann. Cas. 296; Truax v. Raich, 239 U. S. 33, 36 S. Ct. 7, 60 L. Ed. 131, L. R. A. 1916D, 545, Ann. Cas. 1917B, 283.

█ As to the presence of an adequate remedy at law the ruling must also be with the plaintiff. The remedy by suit and recovery of the tax is afforded to the dealer who is taxed, and not to the plaintiff, whose business is interfered with and who is not a party to the tax. The plaintiff has no legal right to pay the tax for the dealer or to use his name in a suit to recover it. The dealer may prefer not to involve himself in the controversy. Since the damage done would be really incapable of computation if the business were unlawfully destroyed, a case for interference by equitable prevention would generally exist. Compare Truax v. Raich, 239 U. S. 33, 36 S. Ct. 7, 60 L. Ed. 131, L. R. A. 1916D, 545, Ann. Cas. 1917B, 283.

█ Title 26 U. S. Code, § 154 (26 USCA § 154), reads: "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." The constitutionality of this prohibition was sustained in Pullan v. Kinsinger, Fed. Cas. No. 11463, and seems not to have been questioned since. Many of the discussions in cases applying it have dwelt upon the adequacy of the remedy offered by title 26 U. S. Code, § 156 (26 USCA § 156), by payment of the tax and suit for its recovery, a remedy not applicable here. Nevertheless the positive, sweeping language of section 154, it seems to me, cannot be judicially amended to except cases in which the remedy by payment and recovery is inapplicable. The effect of it is to withdraw from the courts the power to use the equitable remedy of an injunction to prevent the assessment or collection of any tax. The remedy of damages for any unlawful act, of course, remains. Whatever may be said concerning the Supreme Court, which is established by and derives its powers from the Constitution, the District Court is given its powers by Congress. Congress may not give it more power than the Constitution permits, but the court has only what the acts of Congress grant. United States v. Hudson, 7 Cranch, 32, 3 L. Ed. 259; Stevenson v. Fain, 195 U. S. 165, 25 S. Ct. 6, 49 L. Ed. 142. The remedy of original mandamus to coerce official action has been silently withheld. McIntire v. Wood, 7 Cranch, 505, 3 L. Ed. 420; Covington, etc., Co. v. Hager, 203 U. S. 109, 27 S. Ct. 24, 51 L. Ed. 111. The remedy by injunction to interfere with one form of official action is here expressly withheld. Injunctive relief regardless of actual irremediable damage was much restricted in labor disputes by the Clayton Act, § 20, title 29 U. S. Code, § 52 (29 USCA § 52). "Shall the thing formed say to him that formed it, Why hast thou made me thus?" If power is given it will be exercised by the court according to law, and constitutional law will be administered even against the expressed will of Congress, when the two conflict. But when power is withheld the District Court cannot exercise it no matter what private wrong may result. The Supreme Court has spoken somewhat vaguely of "extraordinary and entirely exceptional circumstances" which may render the provisions of section 154 inapplicable, in Dodge v. Osborn, 240 U. S. 118, 36 S. Ct. 275, 60 L. Ed. 557, and Hill v. Wallace, 259 U. S. 44, 42 S. Ct. 453, 66 L. Ed. 822; but the actual decisions in these cases do not help this one. In the former the section was strictly applied. In the latter it was disregarded, but properly on the ground that the so-called taxes under the Future Trading Act of August 24, 1921 (42 Stat. 187), were really penalties, and that law was really a regulatory measure and not a tax act. Section 154 leaves but one question open in a case like the present, to wit: Is the exaction a tax? The answer was negative in Hill v. Wallace, supra. So in numerous cases respecting so-called taxes under the National Prohibition Act. Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 66 L. Ed. 1061; Regal Drug Corp. v. Wardell, 260 U. S. 386, 43 S. Ct. 152, 67 L. Ed. 318. In Dodge v. Brady, 240 U. S. 122, 36 S. Ct. 277, 60 L. Ed. 560, disregard of section 154 by the lower court in taking jurisdiction was condoned because a right result was reached in dismissing the bill on the merits; the point in controversy having meanwhile been settled by a decision of the Supreme Court itself. Many courts have held that an unconstitutional tax is not a tax within the meaning of such statutes, so that a controversy as to constitutionality can be accompanied by injunctive relief. But in Dodge v. Osborn, supra, it was held that injunction could not be had under this statute even in such a controversy. That impositions under the Oleomargarine Act are taxes and valid as such has been settled in Re Kollock, 165 U. S. 526, 536, 17 S. Ct. 444, 41 L. Ed. 813; McCray v. United States, 195 U. S. 27, 24 S. Ct. 769, 49 L. Ed. 78, 1 Ann. Cas. 561. Whether one selling plaintiff's product is subject to the tax is the ordinary question of fact which arises under all tax acts, and which, under the scheme of federal law, is to be solved in the first instance by the tax offi-

cials without interference by court injunctions. In Long v. Rasmussen (D. C.) 281 F. 236, the injunction sought was not against the collection of the tax, but only to protect special property of a third person which had been wrongfully seized. In Higgins Mfg. Co. v. Page (D. C.) 20 F.(2d) 948, the nontaxability of the very subject of litigation had been judicially determined in a suit between the same parties. The effort to tax notwithstanding the judgment made a very exceptional case. It is not this case, for the only litigation with this plaintiff about this product is still pending on appeal and has resulted in no final adjudication either way.

The preliminary injunction must be refused.