## MAULIS v. UNITED STATES.
### No. 39272.

District Court, N. D. Illinois, E. D.
Dec. 17, 1931.

McKiernan & Smith, of Chicago, Ill., for plaintiff.

George E. Q. Johnson, U. S. Atty., and Thomas Dodd Healy, Asst. U. S. Atty., both of Chicago, Ill.

T. R. Callahan, of Washington, D. C., for U. S. Veterans' Bureau.

WOODWARD, District Judge.

The question submitted in this case is as to whether or not a disagreement exists between the plaintiff and the United States Veterans' Bureau, as required by section 19 of the World War Veterans' Act 1924, as amended (38 USCA § 445). If there is a disagreement, the court has jurisdiction further to proceed. If there is no disagreement, then a jurisdictional fact is lacking.

The matter is submitted upon the motion of the defendant to dismiss and a stipulation of fact. For the purpose of passing upon this motion, the court adopts the stipulation of facts filed herein as its findings of fact.

Plaintiff, after his induction into the armed forces of the United States, was granted insurance under the applicable statutes of the United States in the sum of $10,000. He was discharged April 17, 1919 and claims in his petition that ever since April 17, 1919, he was and is totally and permanently disabled and is entitled to the benefits of his insurance. The stipulation, in brief, is to the effect that on April 8, 1929, he made application to the United States Veterans' Bureau for insurance, his application being acknowledged. On July 20, 1929, he renewed his application. On October 24, 1929, the complete files in his case were forwarded (from what point the stipulation does not state) to the central office of the bureau at Washington, D. C., for consideration of the claim by the Board of Insurance Claims. The plaintiff wrote a great number of letters to the Bureau requesting a decision. To these letters the plaintiff received replies, in substance, that his claim was receiving appropriate consideration and was advised that every effort would be made to expedite the claim, and that he would be advised relative thereto at the earliest possible moment. During the month of April, 1930, the plaintiff was advised that additional information would be necessary, and that upon receipt of the additional evidence every effort would be made to reach a final decision. On May 5, 1930, the plaintiff made a substantial compliance with the request for additional evidence. From May 5, 1930, to January 2, 1931, the plaintiff wrote the defendant eleven different letters requesting a decision in the matter, which letters were acknowledged by the defendant saying substantially that the matter was receiving consideration. On February 4, 1931, this suit was instituted.

It will be noted from the stipulation of facts that the United States Veterans' Bureau had not, prior to the institution of the suit, acted upon the claim and had not formally disagreed with the plaintiff.

Section 19 of the World War Veterans' Act 1924 (38 USCA § 445) provides in part that: "In the event of disagreement as to claim under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States * * * in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is conferred upon such courts to hear and determine all such controversies."

This section was amended by the Act of July 3, 1930 (46 Stat. 992 [38 USCA § 445]) so as to provide that "the term 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director."

Section 5 of the same act as amended (38 USCA § 426) provides that: "The director, subject to the general direction of the President, shall administer, execute, and enforce the provisions of this chapter, and for that purpose shall have full power and authority to make rules and regulations, not inconsistent with the provisions of this chapter which are necessary or appropriate to carry out its purposes, and shall decide all questions arising under this chapter; and all decisions of questions of fact and law affecting any claimant to the benefits of Parts II, III, or IV of this chapter shall be conclusive except as otherwise provided herein. All officers and employees of the bureau shall perform such duties as may be assigned them by the director. All official acts performed by such officers or employees specially designated therefor by the director shall have the same force and effect as though performed by the director in

person. Wherever under any provision or provisions of this chapter regulations are directed or authorized to be made, such regulations, unless the context otherwise requires, shall or may be made by the director. The director shall adopt reasonable and proper rules to govern the procedure of the divisions and to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits of compensation, insurance, vocational training, or maintenance and support allowance provided for in this chapter, the forms of application of those claiming to be entitled to such benefits, the methods of making investigations and medical examinations, and the manner and form of adjudications and awards."

Plaintiff concedes that there has been no formal denial of the claim, but that, the claim having been made on April 8, 1929, and not acted upon on or before February 4, 1931, the Bureau has, by an unreasonable delay, in effect disagreed. It is contended that the failure to allow, after a reasonable time, is equivalent for the purpose of a suit on a claim, to actual denial. It is further claimed that, if, in such circumstances, the court will not take jurisdiction, the Bureau would be permitted and allowed to defeat a claim by nonaction, and therefore to deny a claimant access to the courts.

It is contended that, under the repeated decisions of the courts, the insurance contract should be liberally construed. The contention may be conceded. But the principle has no application to this case. The motion under consideration does not call for a construction of the contract of insurance. The court is now examining the question of its own jurisdiction.

▮ Before the court can pass upon or construe the contract, it must appear that a disagreement exists between the claimant and the United States Veterans' Bureau with respect to the claim. Unless the fact of disagreement is shown, the court is without jurisdiction.

An examination of the statute discloses that an administrative act must precede the assertion of jurisdiction by the District Court. The statute has made it clear that, as a condition precedent to invoking the power of the courts, a "disagreement" must exist. Without such disagreement, jurisdiction is lacking.

In this case it is not pretended that the United States Veterans' Bureau, by any affirmative action, denied the claim. The fact of disagreement is predicated on nonaction.

▮ The allowance of claims under a war risk insurance policy is wholly a matter of statute. The defendant, as is its right, has prescribed the terms and conditions upon which claims will be allowed and upon which resort may be had to the District Court. Norris v. Forbes, 51 App. D. C. 248, 278 F. 331; Nicholl v. U. S., 7 Wall. 122, 19 L. Ed. 125. The defendant, as is its right, has prescribed the conditions upon which suit may be brought. The right of the plaintiff to sue the United States upon a contract of War Risk Insurance is given solely by the provisions of 38 USCA § 445. United States v. Jackson (C. C. A.) 34 F.(2d) 241, 73 A. L. R. 316; Stanley v. Schwalby, 162 U. S. 255, 16 S. Ct. 754, 40 L. Ed. 960; Stevenson v. Fain, 195 U. S. 165, 25 S. Ct. 6, 49 L. Ed. 142.

The jurisdiction of this court to entertain a suit upon a war risk insurance policy arises only in case of a "disagreement" between the insured and the United States Veterans' Bureau in respect to a claim. United States v. Jackson (C. C. A.) 34 F.(2d) 241, 73 A. L. R. 316; United States v. Golden (C. C. A.) 34 F.(2d) 367.

▮ Under 38 USCA § 445, as amended by Act of June 5, 1930, the word "disagreement" means a denial of the claim by the Director or some one acting in his name on an appeal to the Director. The language of the amendatory statute clearly implies that the United States Veterans' Bureau, through its officials, must take some affirmative action in denying a claim before a disagreement can be said to exist. The language of the statute, both the original act and the act as amended in 1930, contemplates affirmative adverse action by the United States Veterans' Bureau before a justiciable question arises. A denial cannot be implied from nonaction. The necessity of administrative action will not permit of a substitution of a chain of circumstances upon which jurisdiction of this court may be implied. I am fully in accord with the reasoning of Judge Dewey, U. S. District Judge for the Southern District of Iowa, in his opinion in five separate cases, decided by him under date of October 21, 1931, one of which is entitled Smith v. U. S., 56 F.(2d) 636, No. 301 of the Western Division of the Southern District of Iowa, a typewritten copy of which has been furnished the court. Judge Dewey, in his opinion in those cases, reviews the law and arrives at the conclusion that under circumstances somewhat similar to the case now un-

der consideration no disagreement exists. It is true that in the case before Judge Dewey there had not been such a long lapse of time as in the case at bar, but this circumstance does not alter either the reasoning or the conclusion.

The court, therefore, sustains the motion to dismiss for want of jurisdiction.