**LOUISVILLE PROVISION CO. v. GLENN.**

**No. 932.**

District Court, W. D. Kentucky.

Nov. 5, 1935.

Woodward, Dawson & Hobson and Emile Steinfeld, all of Louisville, Ky., for plaintiff.

Bunk Gardner, U. S. Atty., and Oldham Clarke, Asst. U. S. Atty., both of Louisville, Ky., Frank J. Wideman, Asst. Atty. Gen., and James W. Morris, Sewall Key, Robert N. Anderson, and Andrew D. Sharpe, Sp. Assts. to Atty. Gen., for defendant.

FORD, District Judge.

The plaintiff seeks in this action a decree declaring the Agricultural Adjustment Act, as amended (7 USCA § 601 et seq.), to be unconstitutional, and an injunction restraining the collector of internal revenue from enforcing collection of processing taxes accrued and to accrue under the provisions of the act.

The plaintiff has filed motion for a preliminary injunction. The defendant has filed a motion to dismiss the action for want of jurisdiction. The case is now before the court for determination of the questions presented by these preliminary motions.

Without entering upon an extended discussion of the points involved, we deem it sufficient to merely state the conclusions to which we feel impelled, after a careful study of the authorities relied upon by the parties in support of their respective positions.

Section 3224 of the Revised Statutes (title 26, § 154, USCA) provides: "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

The petition does not disclose facts of such an exceptional or extraordinary nature as are sufficient to bring this case within the broad powers recognized in courts of equity to grant an injunction in some cases, notwithstanding the prohibition contained in that section. Under the provisions of sections 3220–3226 of the Revised Statutes (title 26, §§ 149, 151, 152, 154–156, USCA), the plaintiff is afforded a clear, adequate, and complete remedy, by and under which he may secure refund of taxes illegally assessed and collected. The remedy thereby provided is exclusive. Section 3224, above set out, seems applicable and controlling upon the question of the power and authority of the court to grant an injunction in this case. Graham v. Du Pont, 262 U. S. 234, 43 S. Ct. 567, 67 L. Ed. 965; Bailey v. George, 259 U. S. 16, 42 S. Ct. 419, 66 L. Ed. 816; Dodge v. Osborn, 240 U. S. 118, 36 S. Ct. 275, 60 L. Ed. 557; Snyder v. Marks, 109 U. S. 189, 3 S. Ct. 157, 27 L. Ed. 901; Cheatham v. United States, 92 U. S. 85, 23 L. Ed. 561; State Railroad Tax Cases, 92 U. S. 575, 23 L. Ed. 663.

By an Act of Congress, approved August 24, 1935 (subsection (d) of section 21, 7 USCA § 623 (d), the Agricultural Adjustment Act was amended by providing, in substance, that no refund of an illegal processing tax shall be made unless the claim-

ant shall establish that he has borne the burden of the tax and has not passed it on to his vendee or otherwise shifted the burden to others. It is insisted by the plaintiff that by the addition of this condition, precedent to the right of refund, a claimant has been deprived of adequate remedy. A similar provision was contained in section 424 (a) of the Revenue Act of 1928 (26 USCA § 2424). In passing upon the validity of that provision as a condition precedent to the right of refund, the Supreme Court, in the case of United States v. Jefferson Electric Co., 291 U. S. 386, on pages 400, 402, 54 S. Ct. 443, 448, 78 L. Ed. 859, said:

"As to the effect to be given to that subdivision in suits for refunds, we are of opinion that, as it makes the right to a refund to depend on an additional element—that the taxpayer has not collected the tax, directly or indirectly, from the purchaser, or, if it was so collected, has returned it to him—the courts in adjudicating claims of the designated class are under a duty to give effect to the subdivision by regarding the additional element as a matter to be shown by suitable allegation and established by appropriate proof, like other elements of such a right or cause of action, and by determining the sufficiency of pleadings and evidence accordingly. * * *

"We do not perceive in the restriction any infringement of due process of law. If the taxpayer has borne the burden of the tax, he readily can show it; and certainly there is nothing arbitrary in requiring that he make such a showing. If he has shifted the burden to the purchasers, they and not he have been the actual sufferers and are the real parties in interest; and in such a situation there is nothing arbitrary in requiring, as a condition to refunding the tax to him, that he give a bond to use the refunded money in reimbursing them. Statutes made applicable to existing claims or causes of action and requiring that suits be brought by the real rather than the nominal party in interest have been uniformly sustained when challenged as infringing the contract and due process clauses of the Constitution."

Under this authority, the contention of the plaintiff that the adequacy of the remedy has been unlawfully impaired by the amendment to the Agricultural Adjustment Act appears untenable.

This action is sought to be maintained as a means of testing the constitutionality of the Agricultural Adjustment Act under the authority of section 274d of the Judicial Code (title 28 USCA § 400), authorizing declaratory judgments to be rendered in cases of actual controversy. However, since the filing of this action, by an Act of Congress approved August 30, 1935 (28 USCA § 400 note), the law relating to and authorizing declaratory judgments has been amended by excluding from its provisions controversies relating to federal taxes. The purpose and effect of this amendment is to entirely deprive the court of jurisdiction to determine the constitutionality of laws relating to federal taxes when such determination is sought in a proceeding under the Declaratory Judgments Act. The power of Congress to thus deprive the court of jurisdiction in a pending action seems to be clearly settled by the decisions of the Supreme Court in the cases of Assessors v. Osborne, 9 Wall. 567, 19 L. Ed. 748, and Smallwood v. Gallardo, 275 U. S. 56, 48 S. Ct. 23, 72 L. Ed. 152.

In the case of Kline v. Burke Construction Co., 260 U. S. 226, 43 S. Ct. 79, 82, 67 L. Ed. 226, 24 A. L. R. 1077, the Supreme Court said:

"Only the jurisdiction of the Supreme Court is derived directly from the Constitution. Every other court created by the general government derives its jurisdiction wholly from the authority of Congress. That body may give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution. Turner v. Bank of North America, 4 Dall. 8, 10, 1 L. Ed. 718; United States v. Hudson & Goodwin, 7 Cranch, 32, 3 L. Ed. 259; Sheldon v. Sill, 8 How. 441, 448, 12 L. Ed. 1147; Stevenson v. Fain, 195 U. S. 165, 25 S. Ct. 6, 49 L. Ed. 142. The Constitution simply gives to the inferior courts the capacity to take jurisdiction in the enumerated cases, but it requires an act of Congress to confer it. The Mayor of Nashville v. Cooper, 6 Wall. 247, 252, 18 L. Ed. 851. And the jurisdiction having been conferred may, at the will of Congress, be taken away in whole or in part; and if withdrawn without a saving clause all pending cases though cognizable when commenced must fall."

Being of the opinion that, by the provisions of section 3224 of the Revised Statutes (26 USCA § 154), above referred to, this court is denied the power to grant the injunction herein sought to restrain the collection of federal taxes, and, being of the

further opinion that, by the amendment of the Declaratory Judgments Act, approved August 30, 1935 (28 USCA § 400 note), this court has been deprived of jurisdiction, in this character of action, to pass upon the constitutionality of the act herein challenged, it follows that the plaintiff's application for a preliminary injunction should be denied and the defendant's motion to dismiss should be sustained. Appropriate orders will be drawn and entered.

Since the filing of this case, a number of other cases have been filed in this court involving identical questions, based upon substantially the same grounds and seeking like relief. Those cases are now likewise pending upon motions for preliminary injunctions and motions to dismiss. Since the conclusions herein expressed are decisive of the other cases referred to, similar orders will be entered in each of them.