The **PORT OF PORTLAND**, a municipal corporation, Plaintiff,

v.

**TRI-CLUB ISLANDS, INC.,** an Oregon corporation, et al., Defendants.

**Civ. No. 70-300.**

United States District Court,
D. Oregon.

July 8, 1970.

Shuler, Rankin, Myers & Walsh, Portland, Or., for plaintiff.

Williams, Montague, Stark, Hiefield & Norville, Alfred A. Hampson, Portland, Or., for Alice T. Biddle and others.

OPINION

ALFRED T. GOODWIN, District Judge:

This is an action to quiet title to an island in the Columbia River. Plaintiff, The Port of Portland, claims title under an Oregon grant. Defendants, some of whom are citizens of Oregon and some of other states including Washington, claim title under a Washington grant.

The action was initiated in the circuit court of Oregon and was removed to this court. The plaintiff now seeks an order remanding the case to the state courts on the basis that the presence of defendants from more than one state precludes jurisdiction under 28 U.S.C. § 1354.

Article III, § 2, of the United States Constitution establishes the judicial power of the federal courts over controversies in which a state court might be prejudiced in favor of its own citizens

or sovereign authority. 28 U.S.C. § 1354 appears to be a statutory implementation of that part of Article III, § 2, which provides that "[t]he judicial Power shall extend * * * to Controversies * * * between Citizens of the same State claiming Lands under Grants of different States. * * * "

If the presence of parties from more than one state were to destroy federal jurisdiction of this case, it could then be tried only in an Oregon or Washington trial court, thereby frustrating the underlying constitutional and congressional scheme. Congress, as well as the framers of the Constitution, intended the federal courts to have jurisdiction of conflicting-grant cases. It is logical to include this case within the statutory intent.

In Town of Pawlet v. Clark, 13 U.S. (9 Cranch) 292, 321, 3 L.Ed. 735 (1815), Mr. Justice Story said:

"* * * The constitution intended to secure an impartial tribunal for the decision of causes arising from the grants of different states; and it supposed, that a state tribunal might not stand indifferent in a controversy where the claims of its own sovereign were in conflict with those of another sovereign. * * * "

No judicial precedent supports a contrary result in this case. Stevenson v. Fain, 195 U.S. 165, 25 S.Ct. 6, 49 L.Ed. 142 (1904), which plaintiffs cite, does not support their position. None of the opposing parties in *Stevenson* were citizens of the same state. Furthermore, a disinterested federal forum had already been obtained in *Stevenson* through the federal court's diversity jurisdiction.

The narrow reading of Section 1354 demanded by the plaintiff would elevate form over substance. Common sense and the obvious purpose of the Constitution dictate otherwise.

Plaintiff's motion for remand is therefore denied.