George GRAVES et al.,
Plaintiffs-Appellants,

v.

Thomas E. SNEED et al.,
Defendants-Appellees.

No. 75–1746.

United States Court of Appeals,
Sixth Circuit.

Argued June 8, 1976.
Decided Sept. 1, 1976.

Wilson G. Graves, New York City, Jackson, Tenn., for plaintiffs-appellants.

Thomas F. Turley, Jr., U. S. Atty., Robert M. Williams, Jr., Asst. U. S. Atty., Memphis, Tenn., for F. H. A.

John W. Norris, Brownsville, Tenn., for Rawls & McCools.

Before PHILLIPS, Chief Judge, McCREE, Circuit Judge, and GREEN, Senior District Judge.*

PHILLIPS, Chief Judge.

This case involves yet another effort to make a federal question out of litigation where exclusive jurisdiction is in State courts. Basically it is a traditional action in equity—to have deeds declared to be mortgages, to obtain an accounting and to com- pel the reconveyance of certain real estate to plaintiffs. Chief District Judge Bailey Brown dismissed the complaint for lack of jurisdiction, but without prejudice. We affirm.

Appellants contend that they are the owners of two tracts of land in Haywood County, Tennessee; that in December 1947 they mortgaged the land by executing a deed of trust to secure a promissory note payable to the Farmers Home Administration in annual installments over a period of forty years; that in March 1961, for the purpose of maintaining a current status on payments due on the note, they made an oral arrangement with defendant C. A. Rawls, whereby Rawls would advance the installments as they became due and payable and would continue to do so until plaintiffs would be in a financial position to resume payments on their own behalf; that thereafter, at the instance of Rawls, plaintiffs executed two documents in the form of deeds, conveying portions of the land to Rawls as security for the installments advanced by him; that Rawls prepaid the entire balance due on the indebtedness; that the lien provided by the original deed of trust was discharged by a release executed by the Farmers Home Administration; and that the release was executed and recorded without the consent of plaintiffs.

The complaint prayed for cancellation of the deeds to Rawls, which are averred to be security instruments, not deeds; for an accounting; for ejectment; and for $100,-000 in damages.

The original complaint averred jurisdiction on the basis of diversity of citizenship. The District Court correctly held that there is no diversity jurisdiction because the plaintiffs and some of the defendants are citizens of Tennessee. Plaintiffs then sought to amend so as to aver jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1346(b) (the Federal Tort Claims Act). We agree with Chief Judge Brown that § 1331 does not

---

* Honorable Ben C. Green, Senior District Judge, United States District Court for the Northern District of Ohio, sitting by designation.

confer jurisdiction under the averments of the complaint because no construction of the Constitution, laws or treaties of the United States could be determinative of this litigation. We also agree that no jurisdiction is conferred by the Federal Tort Claims Act. The District Court was correct in holding that the acceptance of a prepayment on a loan from the record owner of title to the land would not give rise to a federal cause of action against the Farmers Home Administration.

The United States district courts are not courts of general jurisdiction. They have no jurisdiction except as prescribed by Congress pursuant to Article III of the Constitution. *Lockerty v. Phillips,* 319 U.S. 182, 187, 63 S.Ct. 1019, 87 L.Ed. 1339 (1943); *Kline v. Burke Construction Co.,* 260 U.S. 226, 234, 43 S.Ct. 79, 67 L.Ed. 226 (1922); Stevenson v. Fain, 195 U.S. 165, 25 S.Ct. 6, 49 L.Ed. 142 (1904); *The Mayor v. Cooper,* 73 U.S. (6 Wall.) 247, 252, 18 L.Ed. 851 (1867); *Sheldon v. Sill,* 49 U.S. (8 How.) 441, 448, 12 L.Ed. 1147 (1850); *Turner v. Bank of North America,* 4 U.S. (4 Dall.) 7, 9, 1 L.Ed. 718 (1799); *Steckel v. Lurie,* 185 F.2d 921, 924 (6th Cir. 1950); *Fisch v. General Motors,* 169 F.2d 266 (6th Cir. 1948), *cert. denied,* 335 U.S. 902, 69 S.Ct. 405, 93 L.Ed. 436 (1949).

Jurisdiction to declare a deed to Tennessee lands to be a mortgage lies in the State Chancery Courts. As stated in *Gibson's Suits in Chancery,* § 450(3) (5th Ed. 1955):

Upon a bill being filed to have a deed absolute on its face, declared to be a mere mortgage, or security for a debt, a Court of Chancery will allow the complainant to show the truth of his allegation by parol testimony. So, a complainant may upon a bill being filed for that purpose, show by parol evidence, that when a deed absolute on its face was executed, there was coupled with it on parol the right to repurchase or right to repay the purchase-money and have a re-conveyance.

We affirm the judgment of the District Court on the grounds that no federal question is presented, but without prejudice to any rights the plaintiffs may have to proceed in the State courts of Tennessee.