Mr Chief Justice Marshall
 

 delivered the opinion of the • Court.
 

 This cause was fully argued at the last term on the validity of the deed made by the administrators; and several acts, which were supposed to illustrate that question to which it is unnecessary-now to refer; were cited and relied on. As it was a question.of great interest,.on which many titles depended, which was to be decided entirely by the statutes of Ohio; and.as the Court was informed that the very-case was depending before the highest tribunal of the state, the case ;waR held under advisement. The cause depending before the state court, which'Was an ejectment for other land sold, by the same administrators under the same Orders of the court of common pleas, has been since decided, arid the supreme court of the state has.determined:
 

 l.-That there was no law in the territory prior to the act of 1795, authorizing administrators to, sell the lands and (tenements of ¿n intestate.-
 

 
 *521
 
 2. That this -law was repealed, and ceased to hare effect from and after the 1st day of June 1805.
 

 3. That the order of the court of common pleas of May term 1804, directing the administrators of Israel Ludlow to sell a part of the real éstate of said Ludlow for' the payment of his debts, did not embrace the premises in question.
 

 4. That the parol testimony offered in evidence to prove ' an order of sale at the May term l;S05, was incompetent.
 

 5. That the order of the said court at the August term 1805, was
 
 coram nonjudice
 
 and void; and that the lessors' of the plaintiffs could not be divested of their title, in consequence Of any act done in pursuance of that order.
 

 At this term the cause has been again argued, and the counsel for the plaintiffs, in error have made several- points which they suppose to be still open.
 

 They contend, that the repeated declaration of this Court, that it will conform to the construction of the statutes of a state made byits own tribunals, does not apply to the decision respecting the order made in August 1805. They insist that the power of the court to make this entry as of the May term preceding, depends upon the common law, not on the statutes of Qhio, and that the question is still open for discussion.
 

 Supposing it to be open, they maintain that the omission; to enter the order in May, when it was made, was a clerical - misprision, which the court might correct in August, and - enter the order as of May term. It has, they contend, the the same effect as if it had been actually entered in May; and, allowing this, the subsequent repeal of the law before the sale was made, could not affect the power to sell which was given by the order, and therefore the sale is valid.
 

 To sustain this argument, all the propositions on which it rests must be true. The decision of the state tribunal must be of a character which this Court will consider, undoubtedly, with great respect, but not as conclusive authority. The court of common pleas must have had the power in August, after the repeal of the law under which the order was made, to enter it as of May, and the administrators must have had the power to sell in virtue of the order, after the law by authority of which it was made, had been repealed. If the
 
 *522
 
 plaintiffs in error have failed in sustaining any one of these propositions, the conclusion which has been drawn from them is not supported.
 

 The judges are not united in opinion on these several propositions, but concur-in'thinking that, the conclusion drawn, from the whole of-them is not sustained.. The power of the inferior courts of a state,-to make an, order at one term, as of another, is of a character so peculiarly local, a proceéding1 So necessarily dependent on the judgment pf the revising tribunal of the1 state, that a majority considers that judgment as authority,;and we are all,disposed to,conform to it.
 

 But, were‘this question, entirely open, the .considerations which appear .to have influenced the judgment of the supreme court of Ohio, are- certainly entitled- to.great weight.. That a court of record, whose proceedings can be proved by the record alone, should, at a subsequent term, determine that an order, was made at a previous term, of which no trace could be found bn its records*- and that too after the'repeal of the law- which gave authority to make such an order; is a proceeding of so much delicacy and danger, which is'liable-to so much abuse; thatsorne of us question the existence of thé power.
 

 - In the casej as depending before this Court,-there is still a stronger objection to the validity of the order, of August 1805. Its language does not import that the administrators had applied to the eourt at the preceding May'term, for an extensioh. of the order of May 1804, and that the court had granted their application,’ and' made the order, which the clerk had omitted to enter, and that therefore the order, is now made, with a direction that- it should be entered as of May. : This is not its language. It makes no allusion, to any proceeding in May. It purports, to have been made on an original application by- the administrators, in August, for an extension of the order of May 1804. On this original app'li-cátion, the court.allows the.administrators to sell the house and lots in Cincinnati,and adds, “ this entry .fo.be considered as of May term 18Q5.” The' entry, on its face, does not import to be the correction of the record, by placing, on- it an order which .had in fact been made in; the-preceding May,
 
 *523
 
 and which the cl^rk had omitted to enter; but-to be an original proceeding in August, to which the court by its own authority giyes a retrospective operation. If any explanatory testimony could have been received in the circuit court, none was offered. That court was required to infer from the words, “ this entry to be considered as of May term 1805,” that it was in fact, made at that term, and that the elerk had-totally omitfed.it. The certainty which is necessary in judicial records, and the principle that they-prove themselves, forbade the court to draw this inference. The law being then repealed, the order was certainly,
 
 coram, nonjudice.
 

 "■'Tris also the opinion of one of the judges, that had the. order even.be.en made, in May term, the repeal of the law before the sale, terminated the povyer to sell.,
 

 The counsel for the plaintiffs in error have also conter ded, that the interest of the administrators in the. real estate, as trustees for the creditors, was a vested interest, which the repeal of the law could not divest; and that they might proceed .to sell, under the sanction of an qrder made even after the láw was. repealed.
 

 This is a point on which we cannot doubt. • The lands of an intestate descend not to the administrators, but to the heir. They vest in him, liable, it is true, to the debts of his ancestor, and subject to be sold for those debts. The administrator has no estaje in-the land, but a power to sell under the authority of the court of common pleas-. This is not an independent power, to be exercised at discretion, when the exigency, in his opinion may require it; but is conferred by the court in .a state of things prescribed by the law: The order of the court is a pre-requisite, indispensable to the very existence of the power; and if the law which, authorised the court to make the order be repealed, the pqwer to sell can never come into existence. The repeal,of such a law divests no vested estate, but is the exercise of a. legislative power which every legislature possesses. The mode of subjecting the property of a debtor to the demands of a creditor, must always depend oh the wisdom of the le-r. gislature.
 

 It is also. contended that the jurisdiction of the court of
 
 *524
 
 common pleas, in testamentary matters, is established by the constitution, and that the exclusive power of the state courts to construe legislative acts does not extend to the paramount law, so as to enable them to give efficacy to an act which is contrary to the constitution.
 

 ■ We cannot admit this distinction. The judicial department of every government is the rightful, expositor of its laws; and emphatically of its supreme law. If in a case depending before any court, a legislative act shall conflict with the constitution, it is /admitted that the court must ex-. ercise its judgment on both, and that the constitution must control the act. The court must determine whether a re-pugnancy does or does not exist; and in making this determination, must construe both instruments. That its construction of the one is authority, while its construction of the other is to be disregarded, is a proposition for* which this Court can .perceive no reason.
 

 But, had the question never been decided in Ohio, this Court can perceive no sufficient ground for declaring, that the legislature of the state might not repeal the law by which the court of common-pleas was authorized to direct, iñ a summary way, the sale of the lands of. an intestate.
 
 “
 
 Jurisdiction of all probate and testamentary matters,” may be completely exercised, without possessing the power to. order the sale of the lands of an intestate. Such jurisdiction does net appear to.us to be identical with that power,-or to comprehend it. The constitution did not mean and could not mean, to deprive the legislature of the power of exercising its wisdom on a subject so vitally interesting to the people; nor do its words convey such an intent. Were it even true, which we cannot admit, that the constitution established the jurisdiction of the court of common pleas in the case, still the legislature might prescribe the rule by which that jurisdiction should be exercised.
 

 We are satisfied that there was no error in the instruction given by the circuit court to the jury.
 

 The plaintiffs ip error contend that the court erred in overruling the motion to appoint commissioners to value the improvements in . pursuance of the occupant law of Ohio;
 
 *525
 
 and in rendering judgment without conforming to that law. The first section of the act provides that “ an occupying' claimant,” circumstanced as was.the plaintiff in error, “ shall not be evicted or turned out of possession, until he or she shall be fully, paid the value of all lasting and valuable, improvements made by such occupying claimant,”
 
 “
 
 previous to receiving actual notice by the commencement of.suit;” &c. “ unless such occupying clajmant shall refuse to, pay the person so setting up and proving an adverse and better title, the value of the land without the ifaprovements made thereon,” &c.
 

 The 2d section proceeds to direct the coürt to appoint, commissioners to make the. valuation, which had been prescribed .by the preceding section.
 

 The counsel for the defendant in error insists that this law is repugnant to the 10th section of the first article of the constitution of the United States; and to the ordinánce of 1787 for the government of the north western territory.
 

 This Court does ..not think that these questions properly arise in the present actual state of this controversy. ; The 7th amendment to the constitution of the. United States declares tjiat “ in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.” This is a suit at common, law;,and the valué in controversy exceeds twenty dollars. The con-" troversy is not confined to the question of ti|le. . The' compensation for improvements is an important part of it, arid if that is to be determined at common law, it must be submitted to a jury.
 

 It has been said (hat the occupant law of Ohio, must, in conformity with .the 34th section of the judicial act, be regarded as a rule-of decision in the courts of the'United States.
 

 The laws of the states, and the occupant law, like others, would be so regarded independent of that special enactment; but the exception contained in that section must be regarded likewise. The law, so far as it consists with the constitution of the United States and of the states of Ohio,, is a rule of property; and of course a rule of decision in the
 
 *526
 
 coarts oí the United States] but that rule must be applied consistently with their constitution.-
 

 . Admitting that the legislating of Ohio can give (an occupant claimant a right to the value of his improvements, and" can authorize him toi retain, possession of the land he has improved, until he-shall have-received that, valúe ; and assuming that théy, may also annex conditions to the change of possession, which; so far. as they are constitutional,,most be respected..in.' all.'Courts;, still that, legislature cannot change radically the mode of proceeding prescribed for the courts of the United States; Or direct those courts, in a trial at common law, to appoint commissioners for the decision of questions which a court of common law must submit to á' jury, '
 

 But this inability of.tfie courts of the United States to proceed, in the inode prescribed by the statute, does not der prive the-occupant of the benefit it intended him. .. The modes of proceeding -which belong to courts of chancery are adapted to the .execution of the law; and to the equity side of thé court he may apply, for relief. Sitting in chancery, it ca'n appoint commissioners to estimate improvements as well as rents and profits, and can enjoin the execution of the .judgment at law until its decree shail be complied with. If any part of the act be unconstitutional, the provisions of that part may be disregarded while full effect will be given to such as are-not repugnant to the. constitution of the United States or of the state or to the ordinance of 1787. The question , whether apy of its provisions be of this description, will próperly arisé’ ip . the suit brought to carry them into effect.
 

 We' think there is no error in the judgment, and it is affirmed with costs.