## NEWMARKET BANK v. BUTLER.

State courts are bound to conform their decisions to those of the Supreme Court of the United States on all questions involving the construction of the Constitution of the United States.

It has been settled by the Supreme Court of the United States, that, under that provision in the Constitution of the United States, which prohibits the several States from passing any law impairing the obligation of contracts, a discharge under the insolvent laws of any State is no bar to an action upon a debt due to a citizen of another State, who was not voluntarily a party to such proceedings, and that the fact that the contract was to be performed in the State where the discharge was obtained did not take the case out of the operation of the rule.

We, therefore, adopt that construction, and overrule the decision in *Brown* v. *Collins*, 41 N. H 405.

A discharge in insolvency, obtained under the laws of Massachusetts, is no bar to an action in this State upon a note given in Massachusetts by a citizen of that State, to a citizen of this State, and by its express terms payable in Massachusetts, unless the creditor voluntarily becomes a party to such proceedings in insolvency.

ASSUMPSIT brought by the plaintiffs, a corporation in this State, transacting business at Newmarket in said County, to recover four thousand dollars, money had and received.

The writ was dated July 11, 1863. The plaintiffs specified two joint and several promissory notes for one thousand dollars each; both dated at Boston, one on the second, and the other on the twentieth day of November, 1857, signed by the defendant and others, payable to their own order, at either Bank in Boston, in four months after their respective dates, and endorsed by the defendant and the other signers. The signatures and endorsements of the defendant were admitted. Claims for other sums of money were set forth in the specification; but the only real claims were the amount of said two notes.

The defendant pleaded, as to all but said two notes, the general issue, which the plaintiffs joined. And, as to said two notes, he pleaded two several pleas in bar, alleging, that, at the dates of said two notes, he was, long before had been, and still was, a citizen and resident of Boston, in the Commonwealth of Massachusetts; and that, after the dates of said notes, and before the commencement of this suit, he, under, and in pursuance of, the provisions of the laws of Massachusetts, as set forth and recited in said pleas, had obtained a certificate of discharge from his debts.

To these pleas the plaintiffs demurred generally, and the defendant joined the demurrers.

The questions arising in the case, were reserved for decision at the Law Term.

*Small*, for plaintiff.

*Christie*, for defendant.

SARGENT, J. The judicial department of every government is the rightful expositor of its laws, and, emphatically so, of its supreme law or constitution.

On all questions, therefore, which involve the construction of the Con-

stitution of the United States, the Supreme Court of the United States is the only rightful ultimate tribunal; and its decisions on those questions cannot be withstood or disregarded by State courts, without a dereliction of duty and a violation of the cardinal principles of the federal government. And when a construction is given by the highest national judicial tribunal to any particular part or paragraph of our national constitution, as applied to a particular subject matter, such decision is of paramount authority, and is binding upon this court, when a case arises in which the same provision of the constitution of the United States is to be applied to the same or a similar subject matter. *Bank* v. *Dudley's lessee*, 2 Peters 492, 524; *Braynard* v. *Marshall*, 8 Pick. 194; *Brigham* v. *Henderson*, 1 Cush. 430; *Dart. College* v. *Woodward*, 1 N. H. 111.

"We are unanimous in the opinion, that we are bound to conform our decisions to those of the Supreme Court of the United States, on all questions involving the construction of the constitution of the United States," *Metcalf, J.*, in *Scribner* v. *Fisher*, 2 Gray, 43, 48.

In this last case, the Supreme Court of Massachusetts, by a majority of its members, decided that a certificate of discharge under the insolvent laws of that State was a bar to an action on a contract made by a citizen of that State with a citizen of another State, who does not prove his claim under those laws, if the contract by its express terms was to be performed in that State. This decision is based upon the ground that the decisions of the Supreme Court of the United States had not decided that identical question, *Metcalf, J.* dissenting. This case has been followed in that State in *Burrall* v. *Rice*, 5 Gray, 539, though the facts in this case were not the same as in the former. Other cases may have followed the same rule in that State.

In this State, the same question was discussed in *Whitney* v. *Whiting*, 35 N. H. 457, though no such question was raised in the case. But in *Brown* v. *Collins*, 41 N. H. 405, the question directly arose, which arises in this case, and it was settled upon the authority of *Whitney* v. *Whiting*, as it would seem, without further examination or discussion, in accordance with the doctrine of *Scribner* v. *Fisher*, 2 Gray, *supra*.

But, since these decisions in Massachusetts and this State, the same question has been carried to the Supreme Court of the United States and there decided in *Baldwin* v. *Hall*, Dec. Term 1863.

This case arose in Massachusetts, and their court holding that the discharge was a good bar in such a case, a writ of error was brought to the Circuit Court of the United States for the district of Massachusetts, where judgment was rendered for the plaintiff,—reversing the holding in the State courts,—and the cause was carried to the Supreme Court of the United States, where the holding of the Circuit Court was confirmed. See opinion of Mr. Justice *Clifford*, Law Register, June 1864.

In this opinion, he reviews the decisions of the Supreme Court of the United States upon that subject, and concludes that the question has been already settled by the decisions of the United States courts, that such discharge is of no effect whatever against a creditor resident in another

State, who does not prove his claim, or become a party in any way to the proceedings in insolvency. He agrees substantially with *Story, J.,* in *Springer* v. *Foster,* 2 Story's C. C. 387, and in his Commentaries on the Constitution, sec. 1390, and in his Conflict of Laws sec. 241 ; and with Chancellor Kent, 2 Kent's Com. (9th Ed.) 503, where he says that the discharge under a State law is not effectual as against a citizen of another State, who did not make himself a party to the proceedings under the law.

Judge Clifford then proceeds : " All of the State courts, or nearly all, except the Supreme Court of Massachusetts, have adopted the same view of the subject ; and that court has recently held that a certificate of discharge in insolvency is no bar to an action by a foreign corporation against the payee of a note who endorsed it to the corporation, in blank, before its maturity, although the note itself was executed and made payable in that State by a citizen of the State. Repeated decisions have been made in that court which seem to support the same doctrine. *Savoye* v. *Marsh,* 10 Met. 594 ; *Braynard* v. *Marshall,* 8 Pick. 196. But a majority of that court held, in *Scribner* v. *Fisher,* 2 Gray, 43, that, if the contract was to be performed in the State where the discharge was obtained, it was a good defence to an action on the contract, although the plaintiff was a citizen of another State and had not in any manner become a party to the proceedings."

" Irrespective of authority, it would be difficult, if not impossible, to sanction that doctrine. Insolvent systems of every kind partake of the character of a judicial investigation. Parties, whose rights are to be affected, are entitled to be heard, and, in order that they may enjoy that right, they must first be notified. Common justice requires that no man shall be condemned in his person or property, without notice, and an opportunity to make his defence. *Nations* v. *Johnson,* 24 Howard, 203 ; *Boswell's lessee* v. *Otis,* 9 Howard, 350 ; *Oakley* v. *Aspinwall,* 4 Comst. 514. Regarded merely in the light of principle, therefore, the rule is one which could hardly be defended, as it is quite evident that the courts of one State would have no power to require the citizens of other States to become parties to any such proceedings. *Suydam* v. *Broadnax,* 14 Peters, 75. But it is unnecessary to pursue the inquiry further, as the decisions of this court are directly the other way, and so are the decisions of the State courts. *Donnelly* v. *Corbett,* 3 Seld. 503 ; *Poe* v. *Duck,* 1 Md. 1 ; *Anderson* v. *Wheeler,* 25 Conn. 607 ; *Fisher* v. *Bugbee,* 28 Me. 9 ; *Demerit* v. *Exchange Bank,* 10 Law Rep. 606 ; *Woodhull* v. *Wagner,* Bald. C. C. 300."

" Insolvent laws of one State cannot discharge the contracts of the citizens of other States, because they have no extra-territorial operation, and, consequently, the tribunal sitting under them, unless in cases where a citizen of such other State voluntarily becomes a party to the proceeding, has no jurisdiction in the case. Legal notice cannot be given and consequently there can be no obligation to appear, and, of course, there can be no legal default. The judgment of the Circuit Court is therefore affirmed with costs."

The same doctrine was held in *Baldwin* v. *The Bank of Newbury,*

in the Supreme Court of the United States, at the same term, where the same question arose, and where it was held that the certificate of discharge in that case was no bar to the action, because the debt was due to a citizen of another State. And it was also held that the circumstance, that the contract was to be performed in the State where the discharge was obtained, did not take the case out of the operation of the rule.

It would seem to be plain, that what is true of all other laws must be so of insolvent laws, viz : that their effect is limited to the State of their creation. The difference between a State insolvent law and a general bankrupt law of the United States, consists chiefly in this, that one is confined to the particular State, and the other operates throughout the nation. And one residing without the State having a claim against the debtor, who has obtained his discharge under the insolvent laws of the State, stands in the same relation to the discharge that a foreign resident does to a discharge obtained under a general bankrupt law.

The discharge of the debtor under insolvent or bankrupt laws, is not of the character of payment or performance, which latter are to be governed by the law of the place where the contract is to be performed. The validity of the discharge depends simply upon the debtor's having complied with certain requirements of a State law ; and the discharge is in the nature of a judgment of a State court, and, in order to be of any force, it must appear that it was a judgment obtained upon legal notice to those to be affected by it. Its force and validity must, of necessity, depend upon the court having jurisdiction of the subject matter and of the parties, neither of which, in a case like this, it could have. It obtained no jurisdiction of the party, because it could not make any legal service on him without the State, that should compel him to attend, and none of the subject matter of the contract, unless the creditor submits it to the court and claims a dividend, because such a contract attends the person of the creditor wherever he may happen to reside. So the case would stand like a personal action, where the debtor is not within the jurisdiction, and does not appear in the suit. Such judgments are mere nullities, and so are such discharges in insolvency, as to those not legally made parties to them.

The principle involved in the case of *Baldwin* v. *Hall*, is precisely the same as that involved in the present case. That action was upon the following promissory note :—" Boston, Feb. 21, 1854. Six months after date I promise to pay to the order of myself, two thousand dollars, payable at Boston, value received." And the same was duly indorsed by the defendant to the order of plaintiff. Plaintiff was, and ever since had been, a citizen of Vermont, and the defendant was and ever since had been a citizen of Massachusetts, when the suit was brought. After the date of the note, and before the commencement of the suit, the defendant, upon due proceedings in the insolvent court of Massachusetts, obtained a certificate of discharge from his debts. And the only question was whether such certificate of discharge was a bar to the suit. And the Supreme Court of the United States having decided, that, under that provision of the Constitution of the United States, prohibiting the several States from passing any laws that should impair the obligation of con-

tracts, (U. S. Const. sec. 10, art. 1,) such discharge was no bar to the suit in that case, we feel bound to decide here, overruling the decision in *Brown* v. *Collins*, 41 N. H. *supra*, that the discharge in this case, if properly pleaded, can be no bar to the maintenance of the plaintiff's suit.

The form of the plea, therefore, is immaterial.

*Demurrer sustained.*