**Russell ANDERSON, Plaintiff,**

v.

**A. & W. TRACTOR PRODUCTS, INC., a corporation, Defendant.**

Civ. No. 2703.

United States District Court
S. D. Illinois, S. D.

Feb. 19, 1960.

John Alan Appleman, Urbana, Ill., Robert C. Summers, Richard J. Watson, Champaign, Ill., Gillespie, Burke & Gillespie, Springfield, Ill., for plaintiff.

Livingston, Barger & Brandt, Dunn & Dunn, Bloomington, Ill., for defendant.

POOS, District Judge.

Plaintiff, Russell Anderson, filed suit against defendant, A. & W. Tractor Products, Inc., a corporation, on November 6, 1959, alleging a negligence cause of action occurring on November 13, 1957, and bases jurisdiction on the theory of diversity of citizenship. The defendant's responsive pleading is a limited appearance moving the court to dismiss, setting up the fact that defendant is a Delaware corporation with its principal and only place of business in the Village of Colfax, McLean County, Illinois, and that by reason thereof diversity of citizenship does not exist.

Congress, by Act effective July 25, 1958, amended Section 1332 of the Judicial Code, Title 28, Section 1332, pocket part p. 66, 72 Stat. 415. The pertinent provision of the amendment, insofar as involved here, provides in subparagraph c thereof as follows:

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

Plaintiff, in response to the motion to dismiss, filed and served a "Notice of Constitutional Issue" accompanied by a "Demand for Statutory Three Judge Court and prayer for Declaratory and Injunctive Relief." The demand alleges that the above quoted Section is unconstitutional for the following reasons:

(1) that at the time the cause of action arose, plaintiff had a right to have

his controversy heard by the District Court of the United States, which right is substantial;

(2) that under Article III, Section 1, the Constitution provides:

"The judicial Power of the United States, shall be vested in one Supreme Court, and in such inferior Courts as the Congress may, from time to time ordain and establish,"

and that under this provision the inferior courts constituted only a mechanism by which the number and distribution of such courts could be determined, in order to have an effective starting mechanism; that under this provision of the Constitution it was not intended to confer upon Congress, after Congress had established the district court's power, the power to diminish their function, or to usurp their judicial prerogatives; that in so enacting the amendment, Congress, the legislative branch, has encroached upon the judicial branch of government; and such alleged encroachment unconstitutionally gives Congress the right to change, modify or alter the jurisdiction of such courts after Congress had established them, and for all practical purposes gives Congress the power to abolish them or to render them ineffective, and subject to legislative control and domination, which would effectively destroy the basic principles of governmental operation as established by the Constitution.

(3) that under Article III, Section 2 of the Constitution, it is expressly provided that,

"The judicial Power shall extend to all Cases, in Law and Equity * * * between citizens of different States,"

and that thereunder the amendment in question is a clear invasion of a judicial power and beyond the power of Congress to enact and by reason thereof is unconstitutional and void;

(4) that if such enactment is given retroactive effect, it would destroy the right of a litigant of access to this court

and thereby destroy the cause of action of the plaintiff.

The prayer of the demand is that the court examine into the constitutional question so alleged to exist, and that a three judge court be invoked as provided by Sections 2282–2284, 28 U.S.C., to hear and determine the constitutional question by giving injunctional relief. These provisions are as follows:

"An interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution of the United States shall not be granted by any district court or judge thereof unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

Section 2284 provides the method for calling the three judge district court.

Plaintiff prays further that a judgment and decree declaring the validity or invalidity of the amendment be entered in the following respects: that the statute as amended be declared unconstitutional and void, or in the alternative that it is not subject to retrospective construction, and that an order be entered enjoining and restraining the defendant from asserting such statute as the proposed basis for dismissal of these proceedings and enjoin and restrain the Clerk of this court from entering any order of dismissal as prayed in defendant's motion to dismiss.

■ Initially, when it is requested that a three judge court be invoked, the individual judge of the court to which the request is made must first determine whether or not the request be granted. 14 Cyclopedia of Federal Procedure, Sec. 73.105; 28 Am.Jur., Injunctions, Sec. 246, p. 426; Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 4, 78 L.Ed. 152.

■ Thus the court is required at the outset to investigate the propriety of the constitutional objection and question raised in the request. The objection

that the amendment to the judicial code making a foreign corporation a citizen of the state in which it has its "principal place of business" deprives the plaintiff of a vested right is untenable for the reason that the amendment is not directed against any legal right to have a cause of action for a substantial grievance. This plaintiff has a cause of action commencing at the time the negligent injury occurred. The plaintiff could have brought his suit in a state court at any time after the alleged date of injury, which allegedly occurred on November 13, 1957. Even after the date of the amendment on July 25, 1958, the plaintiff could have brought his action in the state court and had his grievance redressed. The Act of Congress in question does not deprive the plaintiff of any substantial legal right that he has. The only thing this Act does is to take away his right of access to the federal court; nor can the right be said to have a retrospective operation for the reason that the Act was passed before suit was filed. As originally enacted, Section 1332 provided for the original jurisdiction of federal district courts, and 1332(c) provides a limitation on the original jurisdiction. A statute defining jurisdiction does not deprive a litigant of a vested right. Plaintiff confuses a right of substantive law with adjective law. This rule is set out very explicitly in 50 Am. Jur., Statutes, Sec. 529, p. 535, where the text lays down the rule,

> "It is firmly established that there is no vested right in any particular mode of procedure or remedy, and it is a general rule that, where a statute giving a particular remedy is unqualifiedly repealed, the remedy is gone. Indeed where a statute giving a special remedy is repealed by a later act which substitutes nothing in its place, the effect is to obliterate such statute as completely as if it had never been passed, and any proceedings taken subsequent to the absolute repeal of the law to which they owe their existence are coram non judice and void."

Cited to this text are State of South Carolina v. Gaillard, 101 U.S. 433, 25 L.Ed. 937; Bank of Hamilton v. Dudley's Lessee, 2 Pet. 492, 27 U.S. 492, 7 L.Ed. 496, and Vance v. Rankin, 194 Ill. 625, 62 N.E. 807. The same text, 50 Am.Jur., Statutes, Sec. 530, p. 536, announces a corollary rule:

> "Under the common law, it has been held that if a statute is unconditionally repealed without a saving clause in favor of pending suits, all pending proceedings thereunder are terminated, and if final relief has not been granted before the repeal goes into effect, it may not be afterwards. This is true of the repeal of a law relating to procedure, or of a law *conferring jurisdiction,* in which case the right to proceed further in an action that is pending but undetermined at the time of the repeal, is taken away. In such case, all pending proceedings terminate at the time and in the condition existing at the time when the repeal becomes operative."

Cited to the text are In re Hall, 167 U.S. 38, 17 S.Ct. 723, 42 L.Ed. 69; State of South Carolina v. Gaillard, 101 U.S. 433, 25 L.Ed. 937; Assessors v. Osbornes (Gates v. Osborne), 9 Wall. 567, 76 U.S. 567, 19 L.Ed. 748; Merchants Ins. Co. v. Ritchie, 5 Wall. 541, 72 U.S. 541, 18 L.Ed. 540; Norris v. Crocker, 13 How. 429, 54 U.S. 429, 14 L.Ed. 210, and Vance v. Rankin, 194 Ill. 625, 62 N.E. 807. The two quoted sections of the text and the authorities quoted thereunder give the complete answer to the question raised, namely, that there is no vested right in plaintiff to have access to this court.

The next question to be considered is that of unconstitutionality of the amendment, and to determine from the pleadings involved whether or not a substantial constitutional question is raised. The plaintiff says that the Act is unconstitutional for the various reasons set out above. The first inquiry is whether or not there is a substantial constitutional question raised, and the second inquiry is whether or not the Supreme

Court has previously determined, by its decisions in other instances, the unsoundness of the question raised.

In 28 Am.Jur., Injunctions, Sec. 193, p. 698, it is stated,

"The Federal Judicial Code provides that an interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution of the United States shall not be granted by any district court or judge thereof, unless the application therefor is heard and determined by a district court of three judges. This provision is procedural, and the right to invoke it may be prohibited by other statutes. The district court of three judges is rightfully convened, although the suit is brought against private parties, and not public officers, if injunctive relief is sought 'to restrain the enforcement, operation or execution' of an Act of Congress for repugnance to the Constitution of the United States, and there are grounds for invoking equity jurisdiction. While this provision is only applicable where a question of constitutionality is involved, it is not sufficient merely that the constitutionality of an Act of Congress be involved. A request for a three judge court need not be granted unless the question raised as to the constitutionality of the acts of congress are 'substantial'. The lack of substantiality may appear either because its unsoundness so clearly results from the previous decisions of the Supreme Court as to foreclose the subject."

A reading of the decisions discloses that in order to obtain injunctive relief in a situation of this kind, that there must be grounds for equitable jurisdiction, based upon a strong showing of irreparable injury and inadequacy of relief. A request for such relief cannot be used in anticipation of a defense. Generally speaking, the defensive question can be raised at the time the motion to strike is presented regularly in the legal action as started by the plaintiff wherein the plaintiff can respond to the motion to strike. See Coffman v. Breeze Corp., 323 U.S. 316, 65 S.Ct. 298, 89 L.Ed. 264, and International Ladies' Garment Workers' Union v. Donnelly Garment Co., 304 U.S. 243, 250, 58 S.Ct. 875, 879, 82 L.Ed. 1316.

After this latter aspect has been examined, a further inspection of the demand, the complaint at law as filed by plaintiff and the motion to dismiss the complaint, it appears that the constitutional question raised attacks the right of Congress to make the amendment in question to the judicial code. It therefore is appropriate to see if the demand for the three judge statutory court presents a substantial question in the light of the previous decisions of the Supreme Court wherein this constitutional challenge has previously been raised.

While the court has not had briefs from the respective counsel for the parties, serious consideration and study has been given to the power of Congress in the light of the question raised. This power was challenged in the case of Lockerty v. Phillips, 319 U.S. 182, 187, 63 S.Ct. 1019, 1022, 87 L.Ed. 1339, wherein the court said:

"There is nothing in the Constitution which requires Congress to confer equity jurisdiction on any particular inferior federal court. All federal courts, other than the Supreme Court, derive their jurisdiction wholly from *the exercise* of the authority to 'ordain and establish' inferior courts, conferred on Congress by Article III, § 1 of the Constitution. Article III left Congress free to establish inferior federal courts or not as it thought appropriate. It could have declined to create any such courts, leaving suitors to the remedies afforded by state courts, with such appellate review by this Court as Congress might prescribe. Kline v. Burke Construction Co., 260 U.S. 226, 234, 43 S.Ct. 79, 82, 67 L.Ed. 226, and cases cited;

McIntire v. Wood, 7 Cranch 504, 506, 3 L.Ed. 420. The Congressional power to ordain and establish inferior courts includes the power 'of investing them with jurisdiction either limited, concurrent, or exclusive, and of withholding jurisdiction from them in the exact degree and character which to Congress may seem proper for the public good.' Cary v. Curtis, 3 How. 236, 245, 11 L.Ed. 576; Lauf v. E. G. Shinner & Co., 303 U.S. 323, 330, 58 S.Ct. 578, 582, 82 L.Ed. 872; Hallowell v. Commons, 239 U.S. 506, 509, 36 S.Ct. 202, 203, 60 L.Ed. 409; Smallwood v. Gallardo, 275 U.S. 56, 48 S.Ct. 23, 72 L.Ed. 152; Toucey v. New York Life Ins. Co., 314 U.S. 118, 129, 62 S.Ct. 139, 141, 86 L.Ed. 100. See also United States v. Hudson and Goodwin, 7 Cranch 32, 33, 3 L.Ed. 259; Mayor v. Cooper, 6 Wall. 247, 252, 18 L.Ed. 851; Stevenson v. Fain, 195 U.S. 165, 167, 25 S.Ct. 6, 7, 49 L.Ed. 142; Commonwealth of Kentucky v. Powers, 201 U.S. 1, 24, 26 S.Ct. 387, 393, 50 L.Ed. 633; Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 376, 60 S.Ct. 317, 319, 84 L.Ed. 329."

This authority, as well as the cases cited thereto, leads one to a strong belief that there is a lack of a substantial constitutional question. The Court recognizes that at this stage of the proceedings here this Court is without authority or power to consider the merit of the question raised, but only has the power to determine in the first instance, whether or not a three judge district court should be invoked. This Court believes that the record herein shows that a substantial constitutional question is not present in this record, and for this reason a three judge district court should not be invoked. However this order is not to be construed as passing on the merits of the question presented, and the request for the convoking of the three judge court is to stand as a responsive pleading to the motion to dismiss.

It is therefore ordered that the demand for convoking the three judge district court be, and the same is denied, and it is further ordered that the demand for convoking the three judge district court stand as a responsive pleading to the motion to dismiss for want of jurisdiction.