**Donald W. ELDRIDGE, Appellant,**

v.

**RICHFIELD OIL CORPORATION,**
a corporation, Appellee.

No. 20673.

United States Court of Appeals
Ninth Circuit.

Aug. 9, 1966.

Gallagher & Tanner, Los Angeles, Cal., for appellant.

Veatch, Thomas, Carlson & Dorsey, Henry F. Walker, Los Angeles, Cal., for appellee.

Before HAMLEY and JERTBERG, Circuit Judges, and GOODWIN, District Judge.

GOODWIN, District Judge:

In 1958, Congress amended 28 U.S.C. § 1332 by adding Section (c):

"For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: * * *."

Appellant's counsel, unaware of the amendment, sought to invoke jurisdiction of the Federal District Court on the ground that diversity of citizenship existed between appellant and appellee, by filing a complaint for bodily injury damage in which it was alleged that plaintiff was and is a citizen of California; defendant Richfield was and is a corporation, incorporated under the laws of Delaware, and having and maintaining its principal place of business in Los Angeles, California; that said defendant was and is licensed to do business in the Southern District of California, Central Division; and that Los Angeles is the residence of the plaintiff for venue purposes.

Appellee's counsel, likewise unaware of the amendment, filed an answer admitting the foregoing allegations. Said allegations were incorporated in the pretrial order.

When counsel for appellee became aware of the amendment, appellee moved to dismiss appellant's complaint for lack of diversity.

It conclusively appears that appellant is a citizen and resident of California, and that appellee is a Delaware corporation with its principal place of business in Los Angeles, California.

Appellee's motion was granted by the District Court, and this appeal followed.

Appellant Eldridge, in an effort to sustain jurisdiction in the District Court, advances many arguments why his choice

**910**

of forum was a valid one and that the District Court erred in granting appellee's motion. All but two of these arguments are ingenious, but are without substance or persuasion and merit no serious consideration. The two remaining arguments, one of which questions the constitutionality of the amendment to 28 U.S.C. § 1332, above quoted, and the other of which questions the jurisdiction of the District Court to determine, on motion and without a formal trial, the issue of fact presented, are adequately answered adversely to appellant's arguments in the opinion of the District Judge in Eldridge v. Richfield Oil Corporation, 247 F.Supp. 407 S.D.Calif. We are in agreement with the views therein expressed.

The order appealed from is affirmed.