HOMESTEAD LOG COMPANY, an Iowa corporation, Plaintiff,

v.

SQUARE D COMPANY, an Illinois corporation, Interstate Industries Electric Supply, Inc., an Idaho corporation, Dave Koeppen, individually and d/b/a Fruitland Electric, Western Tube and Conduit Corporation, a California corporation, and John Doe, Defendants.

Civ. No. 81–1423.

United States District Court,
D. Idaho.

Feb. 15, 1983.

Richard H. Greener of Clemons, Cosho & Humphrey, P.A., Boise, Idaho, for plaintiff.

Quane, Smith, Howard & Hull, James D. LaRue of Elam, Burke, Evans, Boyd & Koontz, Michael W. Moore, Imhoff & Lynch, Boise, Idaho, for defendants.

## ORDER

RYAN, District Judge.

Defendant Dave Koeppen, d/b/a Fruitland Electric, moves this court for an order dismissing the above-entitled action on the ground that there is no diversity of citizenship between the moving party and Plaintiff Homestead Log Company.

■ It is a well-settled rule that unless there is complete diversity as to all plaintiffs and all defendants, subject matter jurisdiction will not lie. *Indianapolis v. Chase National Bank,* 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941). The argument presented by Defendant Koeppen is that plaintiff's principal place of business for purposes of 28 U.S.C. § 1332(c) (1976) is in Idaho. If plaintiff's principal place of business is Idaho, then complete diversity is lacking and this court must dismiss for lack of subject matter jurisdiction. *See Eldridge v. Richfield Oil Corp.,* 364 F.2d 909 (9th Cir.1966), *cert. denied,* 385 U.S. 1020, 87 S.Ct. 725, 17 L.Ed.2d 557 (1967). There are two tests available to this court by which to determine the location of the principal place of business of Homestead Log Company. These are: the "nerve center" approach, and the "place of operations" approach.

■ The nerve center test, or "home office" test, as it is sometimes referred to, gives special importance to the location of the headquarters of the corporation in determining its principal place of business. Factors which are relevant in the nerve center test are:

> [W]here the directors and stockholders meet; where the executives live, have their offices, and spend their time; where the administrative and financial offices are located and records kept; where the corporate income tax return is filed; and by the place which is designated in the charter or other corporate documents as the official headquarters of the company. [footnote omitted]

1 J. Moore, *Moore's Federal Practice* ¶ 0.77[3.—2], 717.66 (2d ed. 1982).

The place of operations analysis focuses on the location of the corporation's actual day-to-day business activities and operations. The controlling factors in the place of operations analysis are:

> [T]he location of the real property, equipment, inventory and any other tangible assets, the distribution of employees and payroll, the allocation of gross income, the situs of production, sales, shipping and other physical activities, and the location of the operational offices. [footnote omitted]

1 J. Moore, *Moore's Federal Practice* ¶ 0.77[3.—3], 717.71 (2d ed. 1982).

Deciding which approach to apply and which indices to emphasize depends to a great extent on the character of the subject corporation and the scope of its activities. *See United Nuclear Corp. v. Moki Oil and Rare Metals Co.,* 364 F.2d 568 (10th Cir. 1966). In this case, plaintiff is a closely held corporation engaged in a single operational activity with its physical production facilities concentrated in one state, Idaho,

and the administrative or executive functions in another, Iowa. The general rule in such situations is the "place of operations" approach. *See* C. Wright & A. Miller, *Federal Practice and Procedure* § 3625, at 794–95 (1975). Moreover, in a similar situation the Ninth Circuit found that federal courts lacked subject matter jurisdiction. *Bialac v. Harsh Building Co.,* 463 F.2d 1185 (9th Cir.1972), *cert. denied,* 409 U.S. 1060, 93 S.Ct. 558, 34 L.Ed.2d 512 (1972).

For the foregoing reasons, it is the finding of this court that Defendant Koeppen's Motion to Dismiss should be, and the same hereby is, GRANTED.

IT IS THEREFORE ORDERED that plaintiff's Complaint in the above-entitled case is hereby dismissed.