**Decided February 14, 1984**

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

LYDIA CAMACHO ROMISHER,    )        CIVIL ACTION NO. 83-401
                          )
            Plaintiff,    )
                          )
        vs.               )               ORDER
                          )
MARIANAS PUBLIC LAND      )
CORPORATION, et al,       )
                          )
            Defendants.   )
_____)

     The Marianas Public Land Corporation (MPLC) has filed
a motion to modify the permanent injunction entered in this
matter on December 28, 1983.

     Paragraph 1 of the December 28, 1983 injunction provided:

        "1.  The Marianas Public Land Corporation,
     its agents, employees, officers and attorneys are
     permanently enjoined from disbursing any funds
     it received from the United States of America
     pursuant to the Lease Agreement executed on
     January 6, 1983 to any of the owners of private
     interests of land on Tinian Island.  This
     injunction may be subsequently modified by the
     court should legislation or other legal means
     be formulated authorizing the Corporation to
     disburse funds."

In apparent response to the latter portion of the above, the legislature passed Senate Bill 3-132 and on January 10, 1984 the Governor signed into law the bill as Public Law 3-101.

Section 2 of Public Law 3-101 authorizes the MPLC to acquire the private land interests on Tinian.[1]

Section 3 of Public Law 3-101 states:

> "It is the intent of the legislature that the "reasonable expenses of administration" referred to in Article XI, Section 5(g) of the Constitution include the cost of acquiring private lands to be leased to the United States Government, including amounts to be paid to private landowners."

These sections therefore form the basis for the motion of MPLC. Succinctly stated, MPLC argues that it now has land acquisition powers and wishes the courts blessing to use the $26,434,200 paid by the United States Government for the public lands on Tinian for the acquisition of the private interests as "reasonable expenses of administration."

The plaintiff opposes the motion and points out that MPLC has not complied with paragraph 4 of the permanent

---

[1] No issue is presented here as to the validity of this section. Indeed both sides to this litigation expressly or impliedly agree that the legislature had the power to grant the land acquisition authority to MPLC.

injunction. This paragraph required MPLC to promptly transfer the $26,434,200 less reasonable expenses of administration, to the Marianas Public Land Trust (MPLT). As of this date said transfer has not occurred.

Additionally, plaintiff argues that "reasonable expenses of administration" cannot be interpreted to mean land acquisition costs and the legislature cannot alter the Constitutional terms under which MPLC holds proceeds from public lands.

It is important at the outset to note the wording found in Section 3 of Public Law 3-101. The legislature did not mandate that certain funds be used to pay for the private land interests. An analysis of Section 3 reveals that what the legislature attempted to do is to interpret the term "reasonable expenses of administration" as found in Article XI, Section 5(g).

Generally speaking, it is said that the legislative function consists of the formulation and validation by government of general rules, principles, and standards for the regulation of human conduct. Sutherland Statutory Construction, 4th Ed., Vol. 1, pg 3. Although it is within the powers of the legislature to enact declaratory statutes, declaring common law and prior legislative intent and to enact interpretive statutes for the same or other statutes, (Sutherland Statutory Construction, 4th Ed., Chapter 26, Vol. 1A)

there is no basic authority for the legislature to interpret or declare what the Constitution means. This is the function, indeed the obligation, of the Judicial Branch. U.S. v Nixon, 418 U.S. 683, 94 S.Ct. 3090; Bank of Hamilton v Lessee of Dudley, 27 U.S. 492, 7 L.Ed. 496; 16 AmJur 2d, Constitutional Law, §§ 85, 150 and 308; Camacho v Civil Service Commission, CTC Action 80-11, Aff. 666 F.2d 1257 at 1262 (9th Cir. 1982).

Of greater significance is the fact that this court has already determined that the $26,434,200 must be transferred to the MPLT as provided for in the Constitution. The attempt to circumvent this order by declaring the intent of including land acquisition costs within the term "reasonable expenses of administration" fails for the reason previously stated by the court and by the fact that the term "reasonable expenses of administration" cannot by any stretch of the imagination include millions of dollars for land acquisition costs.

"Expenses of administration" are limited to the costs and expenses of operating the MPLC in its normal and necessary everyday business. See generally "Expenses of Administration" Words and Phrases, Vol. 15A, pp. 443-448.[2]

---

[2] That the framers of the Constitution did not intend to include land acquisition costs within the term "reasonable expenses of administration" is clear. The Constitution does not give MPLC land acquisition authority, only Public Law 3-101 includes that power.

■ But another problem exists with Section 3 of Public Law 3-101. Were the legislature to affirmatively state that the trust funds held by MPLC are to be used for land acquisition it would be, in effect, appropriating funds not belonging to it but to MPLT. Additionally, and even assuming the legislature were to have control over the trust funds, its "appropriation" is faulty. No specific amounts are specified for land acquisition (indeed a blank check is given MPLC) and Public Law 3-101 originated in the Senate and not the House. Constitution, Sections 5 a) and 5 b).

Be all that as it may, the overriding fact remains that the $26,434,200 must be promptly deposited with the MPLT. Neither this court nor can the legislature change that constitutional fact. As pointed out by the plaintiff, the legislature cannot alter the terms of the Constitutional trust established in Article XI.

Plaintiff has renewed her request for attorney fees and although the court is still not persuaded that this is proper in the present posture of this case, further proceedings may require a re-appraisal should the defendant continue to delay the transfer of the trust funds to MPLT.

IT IS ORDERED that the motion of MPLC to use any of the $26,434,200 received from the United States for public lands, for land acquisition is denied.

IT IS FURTHER ORDERED that within five (5) days from this date MPLC transfer to MPLT $26,434,200 less reasonable expenses of administration and shall file with this court evidence of such transfer and an accounting of any deductions therefrom which are charged as reasonable expenses of administration.

This Order does not affect the funds held in the joint account with the United States and as specified in paragraph 5 of the Permanent Injunction dated December 28, 1983.

Dated at Saipan, CM, this 14th day of February, 1984.

_____
Robert A. Hefner, Chief Judge